Robert D. SPICKLER et al.

v.

Leo GREENBERG et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 16, 1991.
Decided Feb. 19, 1991.

Robert D. Spickler, Phippsburg, pro se.

Jonathan Piper, Preti, Flaherty, Beliveau & Pachios, Portland, for Marcus and Plumb.

Peter DeTroy, Jonathan Brogan, Norman, Hanson & Detroy, Portland, for Greenberg.

Joseph J. Hahn, Bernstein, Shur, Sawyer & Nelson, Portland, for Flynns.

Before McKUSICK, C.J., and ROBERTS, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Robert D. Spickler and Olive S. Spickler appeal from two summary judgments entered against them in the Superior Court (Cumberland County) on their complaint seeking damages for perjury.[1] The Spicklers contend that summary judgment was precluded by the existence of genuine issues of material fact. We agree and vacate the summary judgment as to Defendant Leo Greenberg, but we disagree and affirm as to Defendants Myer M. Marcus and Peter S. Plumb.

In 1979, Maine Coast Properties, Inc., a business brokerage firm, entered into a listing agreement with the Harbor Shop, Inc., for the sale of a women's apparel store in Portland. The Spicklers were the sole shareholders and officers of Maine Coast Properties; Greenberg was the president of the Harbor Shop. As a result of Robert Spickler's efforts, the Harbor Shop entered into a purchase and sale contract with Robert and Virginia Flynn. However, Greenberg and the Flynns subsequently met without Spickler's knowledge and agreed to rescind their contract. Maine Coast Properties sued Greenberg and the Harbor Shop to recover a broker's commission of $20,000. After a jury-waived trial in 1984, the court ruled that Maine Coast Properties was not entitled to recover a broker's commission or to retain any part of the Flynns' $10,000 earnest money deposit because Spickler had not procured a buyer who was willing and prepared to purchase the property on Greenberg's terms.

After unsuccessfully appealing the adverse judgment in that case, *see Spickler v. Flynn*, 494 A.2d 1369 (Me.1985) (per curiam), the Spicklers brought the present action seeking damages for perjury. In addition to Greenberg and the Harbor Shop, the complaint named, among others, Marcus and Plumb, their attorneys in the underlying action. The Spicklers alleged that Greenberg, with the encouragement of Marcus and Plumb, had given perjured testimony at the trial. On November 13, 1986, the court (*Brodrick, J.*) granted the summary judgment motion of Marcus and Plumb on the grounds that Spickler lacked personal knowledge of his factual allegations and that there was no other evidence presented to support those allegations. On August 18, 1989, the court (*Perkins, J.*) granted summary judgment for Greenberg on his motion after determining that his trial testimony, even if false, was not material to the central issue before the court in the underlying action.[2]

In reviewing the summary judgments pursuant to M.R.Civ.P. 56, we look at the evidence in the light most favorable to the Spicklers as the parties against whom the motions were granted and give them the full benefit of all favorable inferences that may be drawn from that evidence. *See Lidstone v. Green*, 469 A.2d 843, 845 (Me. 1983). Accordingly, we examine the entire record directly to determine whether it supports the court's conclusion that there was no genuine issue as to any material fact and that each defendant was entitled to a judgment as a matter of law. *See id.*

The Spicklers first contend that the court erred in concluding that Greenberg's testimony was not material to the principal issue decided by the trial court. We agree. A statement is sufficiently material to form the basis of a charge of perjury if it is capable of influencing the court upon an issue that could affect the outcome of the proceeding. *State v. Lunney*, 400 A.2d 759, 763 (Me.1979); *State v. True*, 135 Me. 96, 99, 189 A. 831, 834 (1937). As Greenberg concedes, the central issue before the court was whether Maine

---

1. A civil action for perjury is created by 14 M.R.S.A. § 870 (1980), which provides:

   When a judgment has been obtained against a party by the perjury of a witness introduced at the trial by the adverse party, the injured party may, within 3 years after such judgment or after final disposition of any motion for relief from the judgment, bring an action against such adverse party, or any perjured witness or confederate in the perjury, to recover the damages sustained by him by reason of such perjury; and the judgment in the former action is no bar thereto.

2. The court (*Cole, J.*) amended this judgment on July 19, 1990, to include the Harbor Shop in addition to Greenberg.

Coast Properties had a right to its commission. In a sworn affidavit submitted in opposition to an earlier summary judgment motion, Spickler alleged that Greenberg committed perjury at the trial "when he stated that he signed the contract ... only because I told him that irrespective of the provision of the contract that he must pay the broker's commission, the Flynns would pay it and he would receive $200,000 net in the sale."

Consistent with Spickler's allegation, the court specifically found that Spickler had assured Greenberg that the Flynns would pay the broker's commission by way of a separate transaction and that Greenberg had only agreed to the $200,000 purchase price with that understanding. As a result, the court concluded that Maine Coast Properties was not entitled to a commission because Spickler had not produced a buyer "willing and prepared to purchase the property at the price and on the terms given by Mr. Greenberg." We have no doubt, therefore, that Greenberg's alleged false statement was material in that it was capable of influencing the court's decision on an issue affecting the outcome of the case.

■■■■■ Greenberg nevertheless counters that the court did not err in its apparent failure to consider Spickler's affidavit because the court did not have to look beyond his compelled answers to interrogatories in order to determine whether a summary judgment was appropriate. This argument is without merit. A summary judgment is appropriate only when the facts before the court so conclusively preclude recovery by one party that judgment in favor of the other is the only possible result. *Nichols v. Marsden*, 483 A.2d 341, 344 (Me.1984). Greenberg's tactic of focusing exclusively on Spickler's answers to interrogatories did not relieve the court of its obligation to consider his affidavit even though the affidavit was filed in opposition to a prior motion.[3] Because Spickler's affidavit generated a genuine issue of material fact, the court erred in granting Greenberg's motion for a summary judgment.[4]

■■■■■ The Spicklers also contend that the court erred in concluding that Spickler was not competent to testify to his factual allegations in regard to Marcus and Plumb for lack of personal knowledge. We disagree. According to M.R.Civ.P. 56(e), an affidavit supporting or opposing a motion for a summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An opposing affidavit must therefore show affirmatively that the affiant has personal knowledge of the matters asserted, *see Bird v. Town of Old Orchard Beach*, 426 A.2d 370, 376 (Me. 1981), and conclusory assertions will not substitute for this showing. *See Richards Realty Co. v. Town of Castle Hill*, 406 A.2d 412, 412–13 (Me.1979).

From our examination of the record, it is clear that Spickler's "personal knowledge" of the involvement of Marcus and Plumb in Greenberg's alleged perjury did not rise above the level of mere speculation. Nowhere in his affidavit did Spickler reveal how he had learned of the conspiracy that he alleged. Nothing in his affidavit showed affirmatively that he was in a position to have personal knowledge of the "secret" meetings that he claimed took place. Nor did he set forth any specific and detailed facts denying or contradicting the sworn statements of Marcus and Plumb that neither of them coached or suborned perjury. Because Spickler's factual allegations were not competent to

---

3. Indeed, M.R.Civ.P. 56(c) provides in pertinent part:

Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, *together with the affidavits, if any,* ... show that there is no genuine issue as to any material fact ... and that any party is entitled to a judgment as a matter of law.

(emphasis added).

4. Although Greenberg raises mootness and incapacity as alternative grounds to uphold the judgment, we decline to reach these issues because neither was properly pleaded and raised before the motion justice. *See Hartford Fire Ins. Co. v. Merrimack Mut. Fire Ins. Co.,* 457 A.2d 410, 415 (Me.1983); *Murray v. Waterville Bd. of Educ.,* 390 A.2d 516, 518 n. 5 (Me.1978).

demonstrate a triable issue, the court did not err in granting a summary judgment for Marcus and Plumb.

The entry is:

Summary judgment for Marcus and Plumb affirmed.

Summary judgment for Greenberg vacated.

All concurring.