STATE OF MAINE
CUMBERLAND, ss

JUN 18  II 13 AM '01

SPEEDWAY HOLDINGS ASSOCIATES,
LP, et als.

        Plaintiffs

    v.

ROBERT H. BAHRE, et al.,

        Defendants

ORDER ON DEFENDANT
NATIONAL ASSOCIATION
FOR STOCK CAR AUTO
RACING, INC.'S MOTION TO
DISMISS

Defendant National Association for Stock Car Auto Racing, Inc. (NASCAR) moves pursuant to M.R. Civ. P. 12(b)(6) to dismiss count II (fraud), count III (interference with advantageous relationships), count IV (civil conspiracy), count VII (promissory estoppel), and count VIII (negligent misrepresentation). For the following reasons, the defendant NASCAR's motion is denied.

On this Rule 12(b)(6) motion, the complaint is reviewed in the light most favorable to the plaintiffs to determine whether the complaint sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory. See In re Wage Payment Litig., 2000 ME 162, ¶ 3, 759 A.2d 217, 220. A complaint is dismissed only when it appears beyond doubt that the plaintiffs are entitled to no relief under any facts they might prove to support their claim. See id.

## Count II: Fraud

Fraud requires (1) a false representation, (2) of a material fact, (3) made with knowledge of its falsity or in reckless disregard of its falsity, (4) for the purpose of inducing another to act or refrain from acting, and (5) the plaintiff justifiably relied

upon the representation and acted to his detriment. <u>Francis v. Stinson</u>, 2000 ME 173, ¶ 38, 760 A.2d 209, 217. The plaintiffs have stated a claim for fraud. <u>See, e.g.</u>, Complaint ¶¶ 32, 33, 36, 37, 38, 52, 56, 84.

## Count III: Interference with Advantageous Relationships

Interference with advantageous relationships requires (1) a valid contract or prospective economic advantage; (2) interference through fraud or intimidation; and (3) damages proximately caused by the interference. <u>Petit v. Key Bank of Maine</u>, 688 A.2d 427, 430 (Me. 1996). The plaintiffs have stated a claim for interference with advantageous relationships. <u>See</u> Complaint ¶¶ 32, 88, 90, 91, 92.

## Count IV: Civil Conspiracy

To state a claim for civil conspiracy, the plaintiffs must allege that the defendants conspired to commit a tort and that acts were taken in furtherance of the conspiracy. <u>See</u> <u>Cohen v. Bowdoin</u>, 288 A.2d 106, 112 (Me. 1972); RESTATEMENT (SECOND) OF TORTS § 876 (1977). Civil conspiracy is not an independent tort. <u>Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell</u>, 1998 ME 70, ¶ 8, 708 A.2d 283, 286. The plaintiffs have stated a claim for civil conspiracy. <u>See</u> Complaint ¶¶ 94-97.

## Count VII: Promissory Estoppel

Promissory estoppel requires a promise that the promisor should reasonably expect to induce action and which does induce action on the part of the promisee. <u>Tarbuck v. Jaeckel</u>, 2000 ME 105, ¶ 16, 752 A.2d 176, 180-81. The plaintiffs have stated a claim for promissory estoppel. <u>See</u> Complaint ¶¶ 32, 33.

## Count VIII: Negligent Misrepresentation

2

A defendant is liable under a theory of negligent misrepresentation if (1) he supplied false information, (2) for the guidance of the plaintiffs in their business transactions, (3) the defendant failed to exercise reasonable care or competence in obtaining or communicating the information, and (4) the plaintiffs justifiably relied upon the information. Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990). The plaintiffs have stated a claim for negligent misrepresentation. See Complaint ¶¶ 32, 33.

The entry is

The Defendant NASCAR's Motion to Dismiss is DENIED.

Date: June 18, 2001

Nancy Mills
Justice, Superior Court

3

Date Filed __08-22-00__  __CUMBERLAND__  Docket No. __CV 00-501__

County

Action ___DAMAGES___

SPEEDWAY HOLDINGS ASSOCIATES, LP
OXFORD SPEEDWAY, INC.
OXFORD PLAINS SPEEDWAY ASSOCIATES, LP
OXFORD SPEEDWAY MANAGEMENT CORP.
MICHAEL A. LIBERTY

ROBERT P. BAHRE
NEW HAMPSHIRE SPEEDWAY, INC.
NATIONAL ASSOCIATION FOR STOCK CAR
AUTO RACING, INC.

vs.

Plaintiff's Attorney
DANIEL G. LILLEY ESQ  774-6206
PO BOX 4803, PORTLAND ME 04112

Michael Waxman, Esq.  (772-9558)
PO Box 375, Portland ME  04112

Defendant's Attorney 985-7193
GENE LIBBY ESQ
DANIEL DRISCOLL ESQ
403-404 Lafayette Center
PO BOX 147, Kennebunk Me 04043-0147

DAVID WEBBERT ESQ 623-5110
160 Capitol St. POBOX 79
Augusta Me 04332-0079 (Natl. Stock Car)

Date of
Entry

STATE OF MAINE
CUMBERLAND, ss

SPEEDWAY HOLDINGS
ASSOCIATES, LP, et al.,

        Plaintiffs

v.

ROBERT P. BAHRE, et al.,

        Defendants

ORDER ON DEFENDANTS
BAHRE AND NEW
HAMPSHIRE SPEEDWAY,
INC.'S MOTION TO DISMISS

Defendants Bahre and New Hampshire Speedway, Inc. (NHSI) move pursuant to M.R. Civ. P. 12(b)(6) to dismiss the following counts of the plaintiffs' complaint: count I (fraud), count III (interference with advantageous relationships), count IV (civil conspiracy), count V (breach of contract, brokering agreements against defendant Bahre only), count VI (breach of contract, non-competition agreement), count VII (promissory estoppel), count VIII (negligent misrepresentation against Bahre only), and count IX (breach of fiduciary duty against Bahre only). For the following reasons, defendants Bahre and NHSI's motion is granted.

### Counts I & VIII: Fraud (Bahre and NHSI) and Negligent Misrepresentation (Bahre)

Claim preclusion bars the relitigation of a claim if (1) the same parties are involved in both actions, (2) a valid final judgment was entered in the prior action,

1

and (3) the matters presented for decision in the second action were, or might have been, litigated in the first action. In re Kaleb D., 2001 ME 55, ¶ 8, 769 A.2d 179, 183; Town of Ogunquit v. Cliff House & Motels, Inc., 2000 ME 169, ¶ 10, 759 A.2d 731, 735; see also Bahre v. Liberty Group, Inc., 2000 ME 75, 750 A.2d 558.

This case involves the same parties or their privies. See Spickler v. Dube, 644 A.2d 465, 467-68 (Me. 1994); Northeast Harbor Golf Club, Inc. v. Town of Mount Desert, 618 A.2d 225, 227 (Me. 1992); Complaint ¶¶ 4-8, 15-17; see also Liberty v. Bahre, 00-CV-117 (D. Me. 2000) ¶¶ 4-8, 19-21; Affidavit of Michael Liberty dated 4/28/99, ¶¶ 6, 12.

The plaintiffs can not relitigate the allegation that Liberty was induced to enter, and honor the terms of, the 7/31/96 agreement. See Bahre, 2000 ME 75, ¶ 15, 750 A.2d at 562; Complaint ¶¶ 39, 41-44, 47-49, 59-60, 66-69. The 7/31/96 agreement bars all claims based upon any facts, state of facts, circumstances or events existing on or before 7/31/96 or based on any acts or omissions occurring before 7/31/96. See 7/31/96 Agreement, ¶ 5; Complaint ¶¶ 30, 31, 33, 35, 36, 39, 42.

The allegations of fraud could have been litigated in the earlier case, in which a final judgment was entered. See Bahre, 2000 ME 75, ¶ 10, 750 A.2d at 560; Affidavit of Michael Liberty dated 4/28/99, ¶¶ 8, 9, 12, 19, 20, 21, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 36, 37, 38, 40, 41, 42; Bartlett v. Pullen, 586 A.2d 1263, 1265 (Me. 1991).

Count III: Interference with Advantageous Relationships (Bahre and NHSI)

This claim is barred. See M.R. Civ P. 13(a); Liberty v. Bahre, 00-CV-117, ¶¶ 15 (state law claims "arise out of the same set of operative facts" as the federal claims),

133-38 & Counts VI, VIII, IX, X, XI, XII, XIII, XIV; Affidavit of Michael Liberty dated 4/28/99, ¶¶ 31, 32, 42; Keybank Nat'l Ass'n v. Sargent, 2000 ME 153, ¶ 17, 758 A.2d 528, 534; Walter v. Wal-Mart Stores, Inc., 2000 ME 63, ¶¶ 12-13, 748 A.2d 961, 967.

## Count IV: Civil Conspiracy (Bahre and NHSI)

Civil conspiracy is not an independent tort. Potter, Prescott, Jamieson & Nelson, P.A. v. Campbell, 1998 ME 70, ¶ 8, 708 A.2d 283, 286; Cohen v. Bowdoin, 288 A.2d 106, 112 (Me. 1972). Based on the analysis above and because the plaintiffs' allegations regarding other torts do not survive this motion, the allegation of civil conspiracy fails also.

## Count V: Breach of Contract/Brokering Agreement (Bahre)

Based on the above analysis and the 7/31/96 agreement, this claim is barred. See 7/31/96 Agreement ¶ 5.

## Count VI: Breach of Contract/Non-competition Agreement (Bahre and NHSI)

Based on the above analysis, including the discussion of the allegations in count III, and the 7/31/96 agreement, this claim is barred. See 7/31/96 Agreement ¶ 5; Liberty v. Bahre, 00-CV-117, ¶¶ 151-54.

## Count VII: Promissory Estoppel (Bahre)

Based on the above analysis, this claim is barred.

## Count IX: Breach of Fiduciary Duty (Bahre)

Based on the above analysis, this claim is barred.

The entry is

> Defendants Bahre and New Hampshire Speedway, Inc.'s
> Motion to Dismiss is GRANTED. Counts I, V, VI, & IX

and all allegations against Defendants Bahre and New Hampshire Speedway, Inc. in Counts III, IV, VII & VIII are DISMISSED with prejudice.

Date: June 20, 2001

Nancy Mills
Justice, Superior Court

CV-00-501

4

Date Filed __08-22-00__     __CUMBERLAND__     Docket No. __CV 00-501__
County

Action ___DAMAGES___

SPEEDWAY HOLDINGS ASSOCIATES, LP
OXFORD SPEEDWAY, INC.
OXFORD PLAINS SPEEDWAY ASSOCIATES, LP
OXFORD SPEEDWAY MANAGEMENT CORP.
MICHAEL A. LIBERTY

ROBERT P. BAHRE
NEW HAMPSHIRE SPEEDWAY, INC.
NATIONAL ASSOCIATION FOR STOCK CAR
   AUTO RACING, INC.

vs.

Plaintiff's Attorney
DANIEL G. LILLEY ESQ   774-6206
PO BOX 4803, PORTLAND ME 04112

Michael Waxman, Esq.   (772-9558)
PO Box 375, Portland ME   04112

Defendant's Attorney 985-7193
GENE LIBBY ESQ
DANIEL DRISCOLL ESQ
403-404 Lafayette Center
PO BOX 147, Kennebunk Me 04043-0147

DAVID WEBBERT ESQ 623-5110
160 Capitol St. POBOX 79
Augusta Me 04332-0079 (Natl. Stock Car)