STATE OF MAINE

CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV 03-338

STEPHAN JOSEPH COMPANY,

Plaintiff

v.

ORDER

BOWDOIN COLLEGE,

Defendant

SEP 30 2003

The matter before this court is the Defendant Bowdoin College's motion to dismiss, pursuant to M. R. Civ. P. 12(b).

## FACTS

Plaintiff Stephan Joseph Company and Defendant Bowdoin College entered into a written agreement in which Plaintiff contracted to provide Defendant with 164 Bio Pruf Towel Dispensers at no charge, and in return Defendant agreed to purchase paper products from Plaintiff for a period of 48 months beginning January 1, 2000. The Defendant complied with the agreement by submitting purchase orders to the Plaintiff. For example, in July 2002, the Defendant submitted a purchase order requesting $28,457.94 worth of the Plaintiff's paper products. Between July to October 2002, the Plaintiff shipped and the Defendant accepted the requested products. On October 24, 2002, however, the Defendant notified the Plaintiff that, despite their agreement, it would no longer purchase paper products.

Consequently, on June 9, 2003, the Plaintiff filed a complaint setting forth one claim for relief based on the Defendant's breach of contract. The Plaintiff argued that

the Defendant's failure to purchase its paper products for the term of 48 months was in violation of their agreement. The Defendant moved to dismiss the Plaintiff's complaint. On August 1, 2003, Plaintiff filed an amended complaint with this court, but failed to respond to Defendant's motion to dismiss. The Plaintiff's amended complaint contained two additional claims for relief. The Plaintiff argued that the Defendant failed to pay for an outstanding purchase order in the amount of $4,552.37, and argued that the Defendant had been unjustly enriched in the amount of $12,081.81. In response to Plaintiff's amended complaint, the Defendant filed another motion to dismiss.

## DISCUSSION

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. *See* In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

First, the Defendant contends that because the Plaintiff has failed to respond to its motion to dismiss, all objections to the motion have effectively been waived. *See* M. R. Civ. P. 7(c)(3).[1] The Plaintiff concedes that its objections to Defendant's contentions are waived and that Count I should be dismissed. Hence, this court finds that the Defendant's motion to dismiss Count I is granted.

Next, the Plaintiff alleges in Count II that the Defendant breached the written agreement (the purchase order) between the two parties. The Defendant, however, has moved to dismiss this claim because the purchase order is not an enforceable

---

[1] "[A] party failing to file a timely memorandum in opposition to a motion shall be deemed to have waived all objections to the motion." M. R. Civ. P. 7(c)(3).

guaranteed contract, it was terminable at will, and because Defendant fully paid the amount stated in the agreement. The Law Court has held that whether a contract exists is a question of fact. June Roberts Agency, Inc. v. Venture Properties, Inc., 676 A.2d 46, 48 (Me. 1996). In addition, the Law Court has held that in order

> [t]o establish a legally binding agreement between parties, the mutual assent to be bound by all of its material terms must be reflected and manifested either expressly or impliedly in the contract and the contract must be sufficiently definite to enable a court to determine its exact meaning and fix any legal liability of the parties.

Id.

Here, the Defendant sent the Plaintiff a purchase order requesting $28,457.94 worth of paper products. The Plaintiff assented to the terms of the purchase order and shipped the requested products to the Defendant. The Defendant retained the benefit of the requested products, but failed to pay the Plaintiff the total cost of the products. Although the Defendant asserts that it paid the entire $28,457.94 for the products, viewing the evidence in a light most favorable to the Plaintiff, this court finds that a period of discovery is appropriate to ascertain whether or not the Defendant paid for the paper products it received. Hence, this court finds that the Defendant's motion to dismiss Count II is inappropriate.

The Plaintiff also requests that this court amend Count III in the complaint to assert a claim of quantum meruit instead of a claim of unjust enrichment. Rule 15 provides, that a party may amend the party's pleadings by leave of the court, and that leave shall be freely granted where justice requires. See M.R. Civ. P. 15. Moreover, "a liberal administration of the discretionary power to grant amendments is indispensable to the 'just, speedy and inexpensive determination of every action,' which is the goal set in Rule 1." RICHARD H. FIELD, ET AL., MAINE CIVIL PRACTICE: RULES OF CIVIL PROCEDURE WITH COMMENTARIES 301-03 (2d ed. St. Paul: West Pub Co., 1970). Therefore, based on

these principles, this court finds that Count III in Plaintiff's complaint shall be amended to provide for a claim of quantum meruit. This court, however, will withhold judgment as to Count III, because the Defendant has not had an opportunity to respond. Therefore, the Defendant is granted ten days from the date of this order to respond to Plaintiff's quantum meruit count.

WHEREFORE, this court shall **GRANT** Defendant's Motion to Dismiss as to Count I and **DENY** Defendant's Motion to Dismiss as to Count II.

Dated: September 23, 2003

Roland A. Cole
Justice, Superior Court

4

STEPHEN JOSEPH COMPANY - PLAINTIFF

Attorney for: STEPHEN JOSEPH COMPANY
GARY LIBBY
LAW OFFICE GARY W LIBBY LLC
477 CONGRESS ST, SUITE 418
PO BOX 7227
PORTLAND ME 04112

VS
BOWDOIN COLLEGE - DEFENDANT

Attorney for: BOWDOIN COLLEGE
JAMES KILBRETH
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

Attorney for: BOWDOIN COLLEGE
SCOTT W BOAK
VERRILL & DANA
ONE PORTLAND SQUARE
PO BOX 586
PORTLAND ME 04112-0586

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2003-00338


DOCKET RECORD

STATE OF MAINE                                    UPERIOR COURT
                                                  CIVIL ACTION
CUMBERLAND, ss.                                   DOCKET NO. CV 03-338

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

DEC 1 0 2003

RECEIVED

STEPHAN JOSEPH COMPANY,

Plaintiff

v.                                                ORDER

BOWDOIN COLLEGE,

Defendant

The matter before this court is the Defendant Bowdoin College's motion to dismiss, pursuant to M. R. Civ. P. 12(b).

## FACTS

Plaintiff Stephan Joseph Company and Defendant Bowdoin College entered into a written agreement in which Plaintiff contracted to provide Defendant with 164 Bio Pruf Towel Dispensers at no charge, and in return Defendant agreed to purchase paper products from Plaintiff for a period of 48 months beginning January 1, 2000. The Defendant complied with the agreement by submitting purchase orders to the Plaintiff. For example, in July 2002, the Defendant submitted a purchase order requesting $28,457.94 worth of the Plaintiff's paper products. Between July and October 2002, the Plaintiff shipped and the Defendant accepted the requested products. On October 24, 2002, however, the Defendant notified the Plaintiff that, despite their agreement, it would no longer purchase paper products.

Consequently, on June 9, 2003, the Plaintiff filed a complaint setting forth one claim for relief based on the Defendant's breach of contract. The Plaintiff argued that the Defendant's failure to purchase its paper products for the term of 48 months was in

violation of their agreement. The Defendant moved to dismiss the Plaintiff's complaint. On August 1, 2003, Plaintiff filed an amended complaint with this court, but failed to respond to Defendant's motion to dismiss. The Plaintiff's amended complaint contained two additional claims for relief. The Plaintiff argued that the Defendant failed to pay for an outstanding purchase order in the amount of $4,552.37, and argued that the Defendant had been unjustly enriched in the amount of $12,081.81. In response to Plaintiff's amended complaint, the Defendant filed another motion to dismiss.

A hearing on the Defendant's Motion to Dismiss was held on August 26, 2003. Following this hearing, this court issued a decision granting Defendant's Motion to Dismiss Count I of Plaintiff's Complaint and denying its Motion to Dismiss Count II. Additionally, the court requested argument from the Defendant regarding Plaintiff's Amended Quantum Meruit claim in Count III. Defendant responded setting forth arguments requesting that this court dismiss Plaintiff's Count III.

## DISCUSSION

When reviewing the Defendant's motion to dismiss, this court will look at the complaint in the light most favorable to the Plaintiff, taking the material allegations as admitted. *See* In re Wage Payment Litigation, 2000 ME 162, ¶ 3, 759 A.2d 217, 220. Thus, a motion to dismiss is properly granted when it appears beyond a doubt that the Plaintiff is entitled to no relief under the facts that might be proved in support of the claim. Dutil v. Burns, 674 A.2d 910, 911 (Me. 1996).

First, Defendant has requested that this court strike Plaintiff's Reply Memorandum to Defendants Response and Motion to Dismiss Plaintiff's Second Amended Complaint. This court finds that the Plaintiff should have an opportunity to respond to the new arguments raised by Defendant in its Memorandum and thus denies Defendants request. See M. R. Civ. P. 7(c) and (e).

Next, Defendant asserts that Plaintiff's quantum meruit claim should be dismissed because the parties expressly agreed that the Plaintiff would provide paper dispensers at "no cost." In order to survive the Defendants' motion to dismiss, the Plaintiff must establish "that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." Associated Builders, Inc. v. Oczkowski et al., 2002 ME 115, ¶ 8 n.2, 801 A.2d 1008, 1010 n.2 (citing Paffhausen v. Balano 1998 ME 47, ¶8, 708 A.2d 269, 271). Maine Law also provides that "[t]he expression "quantum meruit" means "as much as deserved" and describes the extent of liability on a contract implied by law or "quasi-contract". Bowden v. Grindle, 651 A.2d 347, 350 (Me. 1994). Moreover,

> [w]hile the formalities of an express contract are not a prerequisite to recovery in quantum meruit, there must be a reasonable expectation on the part of the claimant to receive compensation for his services and a "concurrent intention" of the other party to compensate him. Similarly, we have said that an implied promise is made to a person "when the surrounding circumstances make it reasonable for him to believe that he will receive payment . . . from the other." *Danforth v. Ruotolo*, 650 A.2d 1334 (Me. 1994), described this test of reasonableness as requiring "proof that services were rendered under circumstances consistent with contract relations." It must appear that the one who rendered the services expected compensation and that the one who received or benefited from the services so understood, and by her words or conduct justified the expectation. Quantum meruit may lie when "there was not a clear accession on both sides to one and the same terms," if services are provided "under circumstances that negate the idea that the services were gratuitous." When such a party to whom services are rendered "knows it and permits it and accepts the benefit, he is bound to pay a reasonable compensation therefor."

Id. at 272 (citations omitted).

Here, the Plaintiff rendered 164 Bio Pruf Towel Dispensers at no charge to the Defendant. In exchange, the Defendant agreed to purchase paper products from Plaintiff for a period of 48 months. This arrangement was explicitly delineated in the written agreement between the parties. The Defendant terminated the written

agreement between the parties prior to the expiration of 48 months. Hence, this court should find that it would be reasonable for the Plaintiff to expect payment for the paper towel dispensers it provided to the Defendant.

Although, Defendant asserts that this claim should be dismissed because the Plaintiff is bound by its judicial admissions that the paper dispensers were provided at "no cost," this court disagrees. "A party's assertion of fact in a pleading is a judicial admission by which it normally is bound throughout the course of the proceeding." Schott Motorcycle Supply, Inc. v. American Honda Motor, 976 F.2d 58, 61 (1st Cir. 1992); see also Bahre v. Liberty Group, Inc., 2000 ME 75 ¶ 15, 750 A.2d 558, 562. In the case at bar, Plaintiff contends in its Complaint that "[p]ursuant to a written agreement between the Plaintiff and the Defendant . . . , Plaintiff agreed to provide Defendant with 164 Bio Pruf Towel Dispensers at no charge in return for which Defendant agreed to purchase paper products from Plaintiff for a period of 48 months beginning January 1, 2000 and ending December 31, 2005." Reading this judicial admission as a whole, this court finds that Plaintiff anticipated payment for the paper towel dispensers. Specifically, Plaintiff expected was Defendant purchasing its paper products for a period of 48 months. Consequently, the Plaintiff's admission, that the paper towel dispensers were to be provided at "no cost," does not influence the outcome of the quantum meruit claim.

WHEREFORE, this court **DENIES** Defendant's Motion to Dismiss Count III of the Plaintiff's Complaint, pursuant to M. R. Civ. P. 12(b)(6).

Dated: December _10_, 2003

Roland A. Cole
Justice, Superior Court

COURTS
nd County
ox 287
e 04112-0287

SCOTT BOAK ESQ
PO BOX 586
PORTLAND ME 04112

COURTS
nd County
ox 287
e 04112-0287

GARY LIBBY ESQ
PO BOX 7227
PORTLAND ME 04112