STATE OF MAINE                            SUPERIOR COURT
PENOBSCOT, SS.                           CIVIL ACTIONS

JLH-PEN-10 7/05

Edward Kelmenson, M.D.
     Plaintiff


v.                                  (CV-04-84)


Individuals Described in Paragraph 5 and 6
of the March 19, 2004 Affidavit of
Attorney Charles E. Gilbert, III


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*        **ORDER (Motion for
Protective Order)**


Eastern Maine Medical Center,
     Plaintiff


v.                                  (CV-04-96)


Individuals Described in Paragraph 5 and 6
of the March 19, 2004 Affidavit of
Attorney Charles E. Gilbert, III

FILED & ENTERED
SUPERIOR COURT

OCT 11 2005

PENOBSCOT COUNTY

Pending before the court is the motion of Charles E. Gilbert, III, Esq. for a protective order relieving him from any obligation to submit to examination on deposition regarding the identities of persons who provided him with information that may bear on a medical negligence case in which Gilbert appears as plaintiff's counsel. The court has considered the parties' submissions on the motion. The background of the actions at bar is set out in a limited way in the court's order dated November 10, 2004. The present proceedings are separate but, at least for present purposes, have essential common elements and so are addressed in this consolidated order.

1

Pursuant to the court's November 2004 order and a subsequent order issued on January 3, 2005, following a discovery dispute conference, counsel for the plaintiffs deposed Gilbert for the purpose of creating a predicate record on which to develop the issue at hand. At those depositions, which, because the proceedings at bar are distinct, were separate but sequential, plaintiffs' counsel asked Gilbert to identify the names of those persons who provided him with the information set out in paragraphs 5 and 6 of the rule 56(f) affidavit that Gilbert had submitted in response to a summary judgment motion filed by EMMC in the underlying malpractice case.[1] In his affidavit, Gilbert stated that he spoke with several people "[a]s part of my investigation of this matter [the underlying negligence case]." Stating that these sources did not wish to be identified, he then described some of the information they provided to him. At the deposition, Gilbert declined to identify those sources, asserting, among other things, that any such response constituted work product and was not subject to compelled disclosure. For the reasons set out below, the court agrees that, as the issue has been pursued here, the identities of those people is subject to work product protections and that the circumstances do not warrant disclosure.

As a general matter, through the discovery process a party is entitled to obtain information about "the identity and location of persons having knowledge of any discoverable matter." M.R.Civ.P. 26(b)(1). Here, the plaintiffs seek to compel Gilbert to provide information that is more specific than this allowance: they have posed questions relating directly to the identities of persons who, directly or indirectly, provided Gilbert with investigative information that may be relevant to the underlying action for professional malpractice. In response, Gilbert has invoked the conditional privilege of work product. This triggers a burden-shifting analysis: the party asserting the work product privilege bears the burden of demonstrating the applicability of that doctrine, and if that burden is met, then the party seeking discovery must demonstrate that, notwithstanding the work product quality of the requested information, non-disclosure exceeds the scope of the privilege. *Springfield Terminal Railway Co. v. Department of*

---

[1] For the reasons set out in the November 2004, the affidavit remains under seal. This order will not be impounded because it does not contain previously undisclosed information that is confidential under 24 M.R.S.A. § 2857.

2

*Transportation*, 2000 ME 126, ¶ 15, 754 A.2d 353, 257. Even in this latter instance, there is an absolute privilege that protects against the disclosure of an attorney's mental impressions, conclusions, opinions and legal theories. *Id.*

The court takes a particularly expansive view of the work product protection because, here, the plaintiffs seek to extract information from the attorney who represents a claimant in a related case. Although the record does not support Gilbert's contention that the plaintiffs' efforts to depose him amount to harassment, when it is seen in more general terms, a practice of pursuing discovery directly from trial counsel, even where the attorney is counsel of record in a separate but related case, is properly characterized "as disruptive [to] the adversarial nature of our judicial system," and it can only inhibit an attorney's inclination to properly investigate the circumstances that did or could generate a legal claim for concern that those investigative efforts and analytical process will be subject to disclosure. *See Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986).

The court treats the universe of protected materials in a broad way. The language of rule 26(b)(3) purports to protect against the disclosure only of "documents and tangible things." Here, the plaintiffs do not seek to compel production of such materials. Rather, they want to compel Gilbert to provide testimonial (i.e., non-documentary and intangible) evidence about the identity of those persons who provided him with certain information. The seminal work product case is *Hickman v. Taylor*, 329 U.S. 495 (1947). There, the Supreme Court defined "work product" as information contained "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways." *Id.* at 511. One leading commentator has noted that although the work product rule framed in the rules of civil procedure purports to apply only to tangible material, "Hickman v. Taylor continues to furnish protection for work product within its definition that is not embodied in tangible form. . . .Indeed, since intangible work product includes the thoughts and recollections of counsel, it is often eligible for the special protection accorded opinion work product." 8 Wright and Miller, FEDERAL PRACTICE AND PROCEDURE § 2024 (1994). Therefore, the court builds this identification of protected material into the work product privilege, either through an expansive interpretation of rule 26(b)(3) or as an area that is subject to

3

protection under *Hickman* and incorporated into the discovery rules more generally under rule 26(c) (authorizing the court to issue a protective order "for good cause shown. . .").

Against this backdrop, the court concludes that, in the circumstances at bar, the plaintiffs' discovery designed to determine the nature of an attorney's investigation into a potential legal claim can only amount to a revelation of the attorney's work product and potential trial preparation. The determinative aspect of the plaintiffs' discovery request seeks the identity specifically of those persons from whom Gilbert learned certain information. This information is qualitatively different from a more general discovery request for the identity of persons with knowledge about the case.[2] The court is persuaded by the analysis in *Commonwealth of Massachusetts v. First National Supermarkets, Inc.*, 112 F.R.D. 149 (D.Mass. 1986). There, the court concluded that disclosure of the names of people whom an attorney interviewed likely amounts to a disclosure of the attorney's theory and approach to the claim. *Id.* at 152-53. *See also Shelton*, 805 F.2d at 1329 (work product privilege was held to protect against compelled disclosure by in-house counsel about the mere existence of documents known to her, because counsel's review of any such documents would provide a window into her analysis of the case). Here, as he stated in the affidavit, Gilbert had contact with certain people as part of his investigation into the underlying negligence claim. The disclosure of the identities of those persons is probably tantamount to a disclosure of legal theories or factual claims that he has considered.

The plaintiffs urge that the work product privilege is not available to Gilbert because, under rule 26(b)(3), such a protection is afforded only to "a party." The plaintiffs make a related argument that Gilbert did not develop the information at issue "in anticipation of litigation" in *this* case. Rather, his investigation related only to the underlying action, which is a separate proceeding. These arguments may be seen to challenge Gilbert's standing to assert the work product privilege. The effects of this multiplicity of proceedings has been persuasively addressed in the following way:

> Documents prepared for one who is not a party to the present suit are wholly unprotected by Rule 26(b)(3) even though the person may be a party to a closely

---

[2] In fact, in the underlying negligence action, EMMC propounded interrogatories to the claimant, seeking this more general information. Any issue regarding the adequacy of the claimant's responses to those interrogatories cannot be addressed in this case.

4

related lawsuit in which he will be disadvantaged if he must disclose in the present suit. Thus suppose A and B are bringing independent antitrust actions against the same defendant based on the same charges. Documents that A has prepared in anticipation of the litigation would be within the qualified immunity in his own suit but would be freely discoverable by defendant on a subpoena duces tecum issued in connection with the suit brought by B. Such a result would be intolerable. Fortunately the courts need not be confined by a literal reading of Rule 26(b)(3) and can continue to arrive at sensible decisions on this narrow point. To the extent that Rule 26(b)(3), literally read, seems to give insufficient protection to material prepared in connection with some other litigation, the court can vindicate the purposes of the work-product rule by the issuance of a protective order under Rule 26(c).

WRIGHT AND MILLER, § 2024.

The causes of action asserted in the two complaints at bar are of a wholly different character than Gilbert's client's claim in the negligence case. Nonetheless, the investigative information sought by the plaintiffs is a material point of confluence, which the plaintiffs' arguments overlook. The court is persuaded that if a respondent in the underlying proceeding attempted to obtain the same information that the plaintiffs are pursuing here, that information would be characterized as work product. Based on the analysis noted above, whether the conclusion flows from rule 26(b)(3) or rule 26(c), the court concludes that the common aspects of the three cases allow the proper invocation of the work product rule here, even though the person asserting the privilege is not a party to the cases at bar.

Next, the plaintiffs contend that even if the identities of Gilbert's sources are work product, they are entitled to disclosure because they have substantial need of the information and they cannot secure it by other means without undue hardship. As is noted above, the plaintiffs bear the burden of establishing this limitation to the work product privilege. For two reasons, they have not sustained their burden. First, even when material falls outside of the protections of the work product privilege, a party pursuing discovery is not entitled to information that tips off the mental impressions, opinions or legal theories of an attorney. Under the analysis suggested in cases such as *First National Supermarkets*, disclosure of an attorney's investigative contacts reveals this very information. Secondly, as the same court pointed out, the information is likely to be included as part of a broader inquiry, which Gilbert acknowledges is proper under

5

rule 26, that elicits information about the identity of persons who have discoverable information. 112 F.R.D. at 153-54.

Finally, the plaintiffs argue that Gilbert has waived any protection under the work product doctrine because of the extent of information he already provided in the affidavit. Gilbert submitted the affidavit in order to satisfy the procedural requirements of rule 56(f), supporting the claimant's request that the court defer ruling on a motion for summary judgment. In several cases, the Law Court has emphasized the need for a rule 56(f) affiant to provide a detailed account of information, based on personal knowledge, that supports the motion for deferral. *See, e.g., Bahre v. Liberty Group, Inc.*, 2000 ME 75, ¶¶ 12-14, 750 A.2d 558, 561-62. The information relevant to this case that Gilbert included in his affidavit was material to his motion to stay judicial action on the summary judgment motion and was fairly designed to comply with the rule. Under these circumstances, the court does not find that the extent of any disclosure in the affidavit amounted to a waiver of the work product privilege here. *See Laxalt v. McClatchy*, 116 F.R.D. 453, 455.

Because the court concludes that the information sought by the plaintiffs is protected as work product, the court need not and does not address the remaining bases for Gilbert's objections to the discovery that the plaintiffs have pursued.


The entry shall be:

For the foregoing reasons, the motion of Charles E. Gilbert, III, for a protective order is granted. Charles E. Gilbert, III, shall not be compelled to submit to discovery requests to identify those previously undisclosed persons described in paragraphs 5 and 6 of his March 19, 2004, affidavit.

Dated: October 7, 2005

_____
Justice, Maine Superior Court

A TRUE COPY
ATTEST: _____
                              CLERK

6

EDWARD KELMENSON MD  - PLAINTIFF
28 DEER HILL LANE
HAMPDEN ME 04444
Attorney for: EDWARD KELMENSON MD
MICHAEL DUDDY  - RETAINED 04/29/2004
KELLY REMMEL & ZIMMERMAN
53 EXCHANGE ST
PO BOX 597
PORTLAND ME 04112-0597


vs
INDIVIDUALS DESCRIBED  - DEFENDANT
,
Attorney for: INDIVIDUALS DESCRIBED
ARTHUR GREIF  - LIMITED
GILBERT & GREIF
82 COLUMBIA ST
PO BOX 2339
BANGOR ME 04402-2339

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-CV-2004-00084

**DOCKET RECORD**


Filing Document: COMPLAINT          Minor Case Type: OTHER NON-PERSONAL INJURY TORT
Filing Date: 04/29/2004

## Docket Events:
04/29/2004 FILING DOCUMENT - COMPLAINT FILED ON 04/29/2004
          (DEFENDANTS CAPTIONED)  INDIVIDUALS DESCRIBED IN PARAGRAPH 5 AND 6 OF THE MARCH 19, 2004
          AFFIDAVIT OF ATTORNEY CHARLES E. GILBERT, III.


04/29/2004 Party(s):  EDWARD KELMENSON MD
          ATTORNEY - RETAINED ENTERED ON 04/29/2004
          Plaintiff's Attorney: MICHAEL DUDDY


04/29/2004 Party(s):  EDWARD KELMENSON MD
          MOTION - MOTION FOR LEAVE FILED ON 04/29/2004
          PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO GRANT EARLY DEPOSITION WITHOUT NOTICE WITH
          INCORPORATED MEMORANDUM OF LAW (EXHIBIT A ATTACHED), TOGETHER WITH A PROPOSED ORDER.


04/29/2004 Party(s):  EDWARD KELMENSON MD
          OTHER FILING - REQUEST FOR HEARING FILED ON 04/29/2004
          BY PLAINTIFF.  REQUEST FOR EXPEDITED HEARING.  NON-TESTIMONIAL.  GOOD FAITH ESTIMATE OF
          TIME IS 1/4 HOUR.


04/30/2004 CASE STATUS - CASE FILE LOCATION ON 04/29/2004
          PRESENTED TO JUSTICE MEAD FOR REVIEW.


04/30/2004 CASE STATUS - CASE FILE RETURNED ON 04/30/2004
          BY JUSTICE HJELM, COURT'S RULING ISSUED.


04/30/2004 Party(s):  EDWARD KELMENSON MD
          MOTION - MOTION FOR LEAVE OTHER DECISION ON 04/30/2004
          JEFFREY L HJELM , JUSTICE
          COURT'S RULING ON PLAINTIFF'S EX PARTE MOTION FOR LEAVE TO GRANT EARLY DEPOSITION WITHOUT
          NOTICE WITH INCORPORATED MEMORANDUM OF LAW FILED 4/29/04; CLERK TO SCHEDULE CONFERENCE
          W/ATTYS DUDDY AND GILBERT - MAY BE TELEPHONIC.  IN MEANTIME, ON COURT'S OWN MOTION,