**Eugene MANZO**

v.

**GREAT NORTHERN PAPER COMPANY.**

Supreme Judicial Court of Maine.

Argued June 16, 1992.
Decided Oct. 23, 1992.

---

Jeffrey Cohen (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employee.

Bruce Mallonee (orally), Jane E. Skelton, Rudman & Winchell, John Woodcock, Jr., Weatherbee, Woodcock, Burlock & Woodcock, Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD and COLLINS, JJ.

WATHEN, Chief Justice.

This appeal by the employer requires consideration of the interaction between the Occupational Disease Law and the Workers' Compensation Act with respect to a nonincapacitating illness. Specifically, we must determine whether Eugene Manzo, diagnosed as having an occupational disease not yet incapacitating, has suffered a personal injury under the Workers' Compensation Act for the purpose of awarding a protective decree pursuant to 39 M.R.S.A. § 94 and fixing medical expenses pursuant to 39 M.R.S.A. § 52.

Manzo was diagnosed in 1983 as having asbestosis caused by frequent exposure to asbestos during his thirty-one years' employment at Great Northern Paper Company. The diagnosis was based on a medical examination revealing evidence of "early interstitial lung disease" and pleural plaques on the right lung. The employee suffered no incapacity from these conditions. He was told to avoid exposure to fumes and dust, and to have periodic follow-up tests due to his increased risk for lung cancer.

In 1985, Manzo filed a petition for award of compensation under the Occupational Disease Law, 39 M.R.S.A. ch. 5, §§ 181–196 (1989 & Supp.1991), and later filed a peti-

tion for award of compensation under the Workers' Compensation Act, 39 M.R.S.A. §§ 1–122 (1989 & Supp.1991), and a petition to fix the amount owed for medical and other services.[1] The Commission, finding that the employee suffered from an asbestosis-related disease, granted the petition filed under the Occupational Disease Law and the petition to fix medical expenses, and dismissed the workers' compensation petition as moot. The Appellate Division affirmed the petition to fix expenses, but held that the protective decree should have been issued under the Workers' Compensation Act because the employee had suffered no incapacity from his asbestosis, a necessary prerequisite for application of the Occupational Disease Law. On appeal, the employer argues that the employee's asbestosis is not covered by either the Occupational Disease Law or the Workers' Compensation Act because the former requires incapacity and the latter requires personal injury, both absent in this case. The employee counters by arguing that the non-disabling symptoms of his disease are covered under the Act. We agree with the position taken by the employer and vacate the decisions of both the Appellate Division and the Commission.

■ The Occupational Disease Law was enacted in 1945 for the purpose of extending "the compensation procedure beyond the case of the worker who has met with a sudden casualty." *Recess Comm. on Compensation for Occupational Diseases, Majority & Minority Reports to the Governor & Council* at 8, (88th Legis.1939) [1939 Report]. Prior to the Law's enactment, the necessity of showing accidental injury frequently had operated to defeat compensation for job-related illness unless the worker could show that the disease originated "at a single moment in time from a definite infection." 1939 Report, *supra*, at 8; *see also* Note, *What's Wrong with Maine's Occupational Disease Law?*, 34 Me.L.Rev. 165, 175 (1982). The Law incorporates many of the provisions of the Workers'

Compensation Act by equating "incapacity from occupational disease" to "injury" under the Act:

> Except as otherwise specifically provided, incapacity to work or death of an employee arising out of and in the course of the employment, and resulting from an occupational disease, shall be treated as the happening of a personal injury by accident arising out of and in the course of the employment, within the meaning of the Workers' Compensation Act, and all the provisions of that Act shall apply to such occupational diseases.

39 M.R.S.A. § 182. The plain language of section 182 and the legislative history support the restrictive interpretation advanced by the employer.

■ In enacting the Occupational Disease Law, the Legislature sought to allay industry fears that employers would become general health insurers for their employees, *see* 1939 Report, *supra*, at 9. The Legislature confined coverage under the Law to disease that produces incapacity and imposed an additional element of proof on the employee, who must show not only that a disease arises out of and in the course of employment but also that it is characteristic of that occupation. *See* 39 M.R.S.A. § 183. Failure to show a distinctive association with the employee's occupation will preclude coverage. *See Russell v. Camden Community Hosp.*, 359 A.2d 607, 611 (Me.1976). Other provisions that differ from the Workers' Compensation Act govern employer liability, time limitations for filing or receiving compensation, and extent of benefits. *See, e.g.*, 39 M.R.S.A. §§ 185, 187, 189, 193, & 194–B(4). Moreover, certain incorporated provisions of the Workers' Compensation Act expressly distinguish between occupational diseases and other work-related injuries. For example, section 52, which the Commission relied on to award medical payments, provides for payment of medical expenses only to an employee who sustains a personal

---

1. Although the medical expenses are not challenged, the bills attached to the petition consist of a seemingly unrelated forty-dollar bill for a 1982 visit to an orthopedic surgeon and a fifteen dollar bill from a radiologist that appears to be related to an examination conducted by a pulmonary specialist.

**608**

injury *or is disabled by* an occupational disease. The statutory scheme for occupational diseases cannot be circumvented merely by choosing to file under the Act instead of the Law. Notwithstanding any contrary suggestion contained in our opinion in *Lamson v. Central Maine Power Co.*, 549 A.2d 377 (Me.1988), we conclude that section 182 of the Law provides that a disease becomes a personal injury only when it produces incapacity or death. In the absence of the statutory equivalent of a personal injury, there is no basis for awarding a protective decree under section 94 of the Act.

Manzo cross-appeals the denial of his petitions seeking compensation for carpal tunnel syndrome. Contrary to his contentions, the record contains competent evidence to support the Commission's decision.

The entry is:

The decision of the Appellate Division vacated. Case remanded to the Appellate Division with instructions to remand to the Commission for entry of an order denying employee's petitions.

It is ordered that the employer pay to the employee $750 for his attorney fees plus his reasonable out-of-pocket expenses for this appeal.

All concurring.