Rudolph CARROLL, et al.

v.

CELSIUS CONTRACTORS, et al.

Supreme Judicial Court of Maine.

Argued Sept. 20, 1993.

Decided Feb. 17, 1994.

Thomas R. Watson (orally), McTeague, Higbee, Libner, MacAdam, Case & Watson, Topsham, for employees.

Paul H. Sighinolfi (orally), Jane E. Skelton, Rudman & Winchell, Bangor, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS and DANA, JJ.

DANA, Justice.

Rudolph Carroll and sixteen other employees of Celsius Contractors, Inc. appeal a decision of the Appellate Division of the Workers' Compensation Commission reversing a decision of the Commissioner that exposure to radiation constitutes an injury pursuant to the Workers' Compensation Act, 39 M.R.S.A. § 94 (1989) (now 39-A M.R.S.A. § 305 (Pamph.1993)) ("Act"). We affirm the decision of the Appellate Division.

On February 13, 1989, Rudolph Carroll and sixteen others, all pipefitters, were working the night shift in a boiler-house project at the Georgia–Pacific Corporation mill in Woodland. At the same time, two elevations above Carroll and his men, a materials testing company was taking x-ray photographs of the boiler to test for welding faults. The x-ray camera's power source was a radioactive "pill" containing approximately 74 curies of Iridium–192. After the x-rays were taken, the radiographer discovered that the pill was missing from the equipment. A general evacuation order cleared the building within fifteen minutes. The missing pill was found among construction debris on the level approximately twenty to thirty feet from where the pipefitters had been working.

A Nuclear Regulatory Commission final report concluded that none of the employees was exposed to radiation "in excess of the regulatory limits...." In some cases, the estimated exposure was considerably less than the limit and in others entirely negligible.

Although, with one exception, none of the employees sought any medical attention for this exposure and none missed any time from work, submitted any medical bills, or complained of symptoms, Carroll and the others filed individual petitions for protection pursuant to the Act, each alleging "internal cellular injury." No medical evidence was presented by any employee. The Commissioner granted each employee protection, concluding that each was "more likely than not exposed to an unshielded radioactive source." Celsius moved for further findings of fact and conclusions of law but that motion was denied.

The Appellate Division, relying principally on *Manzo v. Great Northern Paper Co.,* 615 A.2d 605 (Me.1992), reversed the Commissioner, holding that "[t]here is no evidence

that any of the employees was injured by the radiation exposure. A necessary element in sustaining the burden of proof on a petition for award is to prove that an injury occurred. None of the employees has met [that] burden...."

When a Commissioner denies a motion for findings of fact we review only "the factual findings actually made...." *Ladner v. Mason Mitchell Trucking Co.*, 434 A.2d 37, 40 (Me.1981); *Gallant v. Boise Cascade Paper Group*, 427 A.2d 976, 977 (Me.1981). The Commissioner found only that the employees had been exposed to radiation, not injured by it. The grant of protection for exposure alone misapprehends the law.

In *Manzo* we held that a personal injury must be present before an employee is covered pursuant to the Act, and not even Manzo's non-disabling symptoms of asbestosis qualified as a personal injury. *Manzo,* 615

A.2d at 607. We agree with the Appellate Division that there is insufficient evidence in the record to support a finding of injury. Although we agree with the employees that exposure to radiation can cause injury, we cannot conclude that it always does. In the absence of particular findings, the Appellate Division did not err in reversing the Commissioner.

The entry is:

Judgment affirmed.

All concurring.