2002 ME 115

**ASSOCIATED BUILDERS, INC.**

v.

**Richard OCZKOWSKI et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs:  March 26, 2002.
Decided:  July 25, 2002.

Philip R. Foster, Foster Law Offices, Ellsworth, for plaintiff.

Christopher J. Whalley, Ellsworth, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

CLIFFORD, J.

[¶ 1] Richard and Helen Oczkowski appeal from a judgment entered in the District Court (Ellsworth, *Staples, J.*) in favor of Associated Builders, Inc. on Associated Builders's claim arising out of construction work performed for the Oczkowskis.[1] The court also denied recovery to the Oczkowskis on their counterclaims for breach of contract and breach of warranty. We affirm the judgment.

[¶ 2] The Oczkowskis owned a building in Bar Harbor that had previously been used as a restaurant. They decided to convert it into a motel, and contacted Associated Builders, a contracting firm with whom they had previously dealt. The Oczkowskis presented Associated Builders with detailed drawings of the construction that they wanted, and in January of 2000, Associated Builders, acting through its agent Douglas King, agreed to undertake the construction work. The only written evidence of the agreement is an unsigned document prepared by Associated Builders. Both parties agree that it outlines their understanding of the terms of the agreement and the work to be completed. The document begins with the following statement:

We will Complete the following Work on a Time and Material Basis, The work detailed below will be as per the plans provided by owner.

[¶ 3] The document, under the heading "Carpentry," lists the work that would be done and the materials supplied. At the end of the "Carpentry" section, is the following statement:

Note: Contractor is not responsible for the Engineering of the 2nd floor Addi-

tions Creating Snow load on the Existing Roof Structures. And will assume no liability for same.

Toward the end of the document is an "estimated" cost of $55,000 to $60,000.

[¶ 4] Construction began in February of 2000. In March of 2000, before the project was completed, the Bar Harbor Code Enforcement Officer expressed concern about whether the proposed construction plans would fully comply with building codes dealing with structural support for roofs bearing snow loads. At the request of King, the Oczkowskis hired an engineer to evaluate the problem, and the engineer proposed several modifications to the original construction plan.

[¶ 5] There was no discussion between the parties at that time about how the engineer's modifications would affect the estimate submitted to the Oczkowskis, even though the recommended work would require some of the completed work to be undone and would significantly increase the scope of the project. Associated Builders continued working on the building, and submitted two invoices to the Oczkowskis dated June 15, 2000, totalling $21,707.81. Combined with an earlier invoice dated April 24 for $62,970.63, the total of the invoices was $84,678.44.

[¶ 6] The Oczkowskis disputed with Associated Builders that they owed any amount over $50,000. The parties engaged in a series of conversations about the matter, and the Oczkowskis contend that an agreement was reached on June 23, 2000, that changed the original agreement. Pursuant to this modification, the project would be completed after the 2000

---

1. Associated Builders sought recovery pursuant to several theories: (1) enforcement of a mechanics lien pursuant to 10 M.R.S.A. § 3251 (Supp.2001), (2) breach of contract, (3) quantum meruit, and (4) unjust enrich-

ment. The factual basis for all these theories was the same, and the District Court concluded that Associated Builders was entitled to recover under quantum meruit.

motel season, the Oczkowskis would pay Associated Builders $20,000, which was in addition to $30,000 that had already been paid, and the Oczkowskis would make a final payment of $5000 to Associated Builders at the completion of the project. The Oczkowskis also claim that King told them that they could disregard the invoices totalling $84,678.44.

[¶ 7] Later in the summer, the Oczkowskis began to receive demands from Associated Builders for payment of the $84,678.44. They testified that when they spoke with King about the demands he told them that he was repudiating the June 23 modification to the original agreement and would be placing a mechanic's lien on their property to secure full payment. Associated Builders placed a lien on the property in October of 2000, and brought this suit. The Oczkowskis filed counterclaims for breach of contract and breach of warranty.

██ [¶ 8] At the completion of the non-jury trial, the court found that the January agreement between Associated Builders and the Oczkowskis was the final agreement of the parties, and that it was a time and materials contract. The court found that the price quoted was an estimate for the work *originally represented,* and was not persuaded that Associated Builders agreed to do any additional work without additional compensation. The court further found that the additional structural support work that the Oczkowskis autho-rized to be done was not included in the $60,000 estimate, and that the scope of the work was substantially changed to deal with structural support for snow loads; the extra work increased the amount due and owing to Associated Builders to $84,678.44. The court entered a judgment for that amount based on quantum meruit,[2] and against the Oczkowskis on the counterclaims, and the Oczkowskis appealed.

## I.

[¶ 9] The Oczkowskis contend that the parties agreed to a modification in the terms of their original agreement that dealt with who was to be responsible for the additional work required to handle snow loads. At trial they presented evidence that King, who was acting on behalf of Associated Builders, agreed to a change in the agreement. The Oczkowskis testified that King agreed that Associated Builders would do the additional construction work for the original cost estimate of $55,000. During their testimony, the court initially ruled that discussions leading up to the alleged modification to the agreement constituted a compromise or offer to compromise (in effect, were settlement negotiations) and were consequently inadmissible under M.R. Evid. 408.[3]

██ [¶ 10] The Oczkowskis contend that this was error, and that they should have been allowed to testify in full and without restriction as to the discussions

---

2. Quantum meruit requires proof "that (1) services were rendered to the defendant by the plaintiff; (2) with the knowledge and consent of the defendant; and (3) under circumstances that make it reasonable for the plaintiff to expect payment." *Paffhausen v. Balano,* 1998 ME 47, ¶ 8, 708 A.2d 269, 271.

3. Rule 408(a) provides, in its entirety:
Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromise or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for, invalidity of, or amount of the claim or any other claim. Evidence of conduct or statements made in compromise negotiations including mediation is also not admissible on any substantive issue in dispute between the parties.

leading to a change in the original agreement and to describe the terms of the new agreement. A review of the record, however, reveals that, although the court did strike some of the initial testimony of the Oczkowskis about the alleged change, this was not the end of the matter. The court heard testimony from the Oczkowskis about how, on June 23, 2000, the parties agreed to change the agreement, and heard the alleged terms of that modified agreement, namely that Associated Builders agreed to complete the job, including the additional work, and that the full cost would be only $55,000.[4] Despite the court's initial indication that it was going to exclude evidence concerning how the June 23 modification was reached, the essential facts and circumstances leading up to and including what the Oczkowskis asserted was a change to the original agreement with Associated Builders were ultimately presented to the court. King denied that Associated Builders agreed to increase its responsibility without additional compensation, and testified that the only agreement reached was on June 23 that the $50,000 to be paid by the Oczkowskis was a payment toward the cost of construction and not a payment in full. The court, in deciding in favor of Associated Builders on quantum meruit, and against the Oczkowskis on their breach of contract counterclaim, was not persuaded that there was any change that reduced the liability of the Oczkowskis to pay to Associated Builders in full for all labor and materials.[5]

[¶ 11] The Oczkowskis did not make a distinct offer of proof as to any evidence they believed was wrongly excluded by the court, nor did they file a motion for further findings of fact or conclusions of law to test whether the court excluded any evidence from its consideration. We must assume that the court considered all the evidence before it relating to the asserted June 23 modification that was not specifically stricken, and found in favor of Associated Builders on all factual issues necessary to support its decision. *Powell v. Powell*, 645 A.2d 622, 623–24 (Me.1994) (absent request for specific findings of fact, we assume that court made all necessary findings that could be gleaned from the evidence before it). Accordingly, any error by the trial court in excluding testimony about the modification to the agreement is harmless.

II.

[¶ 12] The Oczkowskis also contend that the District Court erred when it ruled against them on their counterclaim

---

**4.** The first time that this issue came up was when Richard Oczkowski was testifying about the June 23, 2000, discussions. During direct examination, Richard Oczkowski testified about the substance of those discussions. Associated Builders objected, and the court indicated that its initial impression was that the conversation was in the nature of a settlement negotiation, and that it would be stricken. The Oczkowskis argued that the testimony was offered to establish that the parties reached a new agreement on June 23, 2000. At that point the District Court allowed Richard Oczkowski to testify about the new agreement allegedly reached.

Later when Richard Oczkowski testified about conversations leading to the change to the original agreement, the District Court admonished the Oczkowskis to limit the evidence to the ultimate agreement reached on June 23 and excluded only some of the testimony about the settlement discussions themselves. None of the essentials of what the Oczkowskis assert to be the new agreement were excluded by the court.

**5.** It is not surprising that the court was not persuaded that Associated Builders agreed to change a time and materials agreement and to assume an obligation to complete substantially more work for the same amount it estimated would be the cost for less work.

for breach of warranty because every construction contract contains an implied warranty that the building will comply with all applicable building codes. "Ordinarily, a contractor who completes a construction project in a workmanlike manner and in strict compliance with plans furnished by the owner will not be held liable for damages resulting from defects in the owner's specifications." *Paine v. Spottiswoode*, 612 A.2d 235, 238 (Me.1992). Although some states recognize an exception to this rule in commercial contracts and impose on the contractor a duty to discern any reasonably obvious defects in the plans and bring them to the attention of the customer, *see Marine Colloids, Inc. v. M.D. Hardy, Inc.*, 433 A.2d 402, 406 (Me.

1981), in this case the court found that Associated Builders explicitly disclaimed any liability for problems associated with the engineering of the second floor structures, negating any warranty that might be implied by law. The court correctly decided the Oczkowskis' breach of warranty claim in favor of Associated Builders.

The entry is: ·

Judgment affirmed.