2003 ME 48

**George LASKEY**

v.

**SAPPI FINE PAPER et al.**

Supreme Judicial Court of Maine.

Argued: Jan. 16, 2003.

Decided: April 8, 2003.

James J. MacAdam (orally), Portland, for employee.

Kevin M. Gillis (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, CALKINS, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] George Laskey appeals from a decision of a hearing officer of the Workers' Compensation Board (*Jerome, H.O.*) denying his petition to remedy discrimination. 39–A M.R.S.A. § 353 (2001). Laskey contends that his termination, pursuant to a policy which terminated employees with work restrictions as part of a downsizing program, constituted prohibited discrimination against him, violative of 39–A M.R.S.A. § 353. Because the hearing officer correctly determined that Laskey was not discriminated against for asserting a claim or right under the Workers' Compensation Act, we affirm the decision.

## I. CASE HISTORY

[¶ 2] The hearing officer's findings, supported by the record, indicate the following facts: George Laskey was a long-time employee at Sappi Fine Paper's S.D. Warren facility, having started work there in 1970. While working in 1984, Laskey suf-

fered a back injury.[1] Since that injury, Laskey has been subject to work restrictions, which, recently, have limited Laskey's ability to lift more than twenty-five pounds or work more than eight hours a day.

[¶ 3] Laskey had been working as a millwright in "area 1" of the facility until the summer of 1999 when his job was eliminated due to lay-offs. After the lay-off, Laskey bid on and received a millwright job in "area 2" of the facility. The hearing officer found that Laskey was considered physically able to do this job, "or he would not have been awarded the job pursuant to the union bid process."

[¶ 4] Laskey performed most of his work without impact by his work restrictions, although the hearing officer found that (1) he needed help more frequently than others because of his weight lifting restriction; and (2) his assignments were affected somewhat by his inability to work more than eight hours a day. Until the date he was terminated, the hearing officer found that: "Mr. Laskey performed his assigned work and was never notified that his restrictions or the accommodations they required were problematic for the employer."

[¶ 5] In May 2001, Laskey was terminated from his position pursuant to a Sappi policy that employees with work restrictions, who were not able to perform essential functions of their job, would no longer have their work restrictions accommodated and would be terminated. The hearing officer found that the analysis applied to Laskey to terminate him from his position was the same kind of analysis that had been performed with respect to other employees with work restrictions and that those employees who could not perform essential functions were terminated "irre-

spective of whether the restrictions arise from a work or a nonwork injury." The hearing officer also found that Sappi's decision to terminate Laskey "was driven by considerations which rose out of a reduction in force and not by the assertion of any compensation right by Mr. Laskey."

[¶ 6] After termination, Sappi continued to pay Laskey partial incapacity benefits. Both Sappi and Laskey filed petitions to review the level of benefits paid. Laskey also filed a petition to recover payment for some medical bills and a petition to remedy discrimination.

[¶ 7] After the hearing, the hearing officer issued orders and amended orders which awarded Laskey total incapacity benefits for a brief period while he had been out of work before termination and awarded him continuing partial incapacity benefits at a seventy-seven percent rate. The order also directed payment of certain medical bills and denied Laskey's petition to remedy discrimination.

[¶ 8] We granted Laskey's petition for appellate review of the denial of the petition to remedy discrimination pursuant to M.R.App. P. 23 and 39–A M.R.S.A. § 322 (2001). The award of continuing partial incapacity benefits and other benefits is not subject to this appeal.

## II. LEGAL ANALYSIS

[¶ 9] The case presents a discrete legal question: Whether an employer violates the anti-discrimination provisions of 39–A M.R.S.A. § 353 when it terminates employees who are subject to work restrictions and who need accommodation in performing assigned tasks, when the termination is part of an employer's reduction in force and makes no distinction between employees whose work restrictions are

1. For further case history, see Laskey v. S.D. Warren Co., 2001 ME 103, 774 A.2d 358.

based on work-related or non-work-related causes?

[¶ 10] Addressing this claim, the parties have only presented for our review the issue of discrimination pursuant to 39–A M.R.S.A. § 353.[2] Section 353 provides: "An employee may not be discriminated against by any employer in any way for testifying or asserting any claim under this Act."[3] We have interpreted this anti-discrimination provision broadly to extend protection to any claim or right being asserted under the Workers' Compensation Act. Thus, in *Lindsay v. Great Northern Paper Co.*, 532 A.2d 151, 153–54 (Me.1987), we held that the similar anti-discrimination provision of the former Workers' Compensation Act, 39 M.R.S.A. § 111 (1989), *repealed and replaced* by P.L.1991, ch. 885, §§ A–7, A–8 (codified at 39–A M.R.S.A. § 353), barred an employer from suspending an employee pursuant to a "no fault" absenteeism policy, where the employee's absences were due to his work injury. We viewed the absenteeism policy as unlawfully discriminating against the employee because it treated his "rightful absence because of a work-related injury as an unexcused absence." *Id.* at 153. We noted that, with the Workers' Com-

pensation Act's intended humanitarian purpose, we have construed the word "claim" in the anti-discrimination provision broadly to mean "right." *Id.*

[¶ 11] We also addressed the issue in *Delano v. City of South Portland*, 405 A.2d 222 (Me.1979). In *Delano*, an employee was reclassified to a lower pay scale after he declined to perform certain work that was part of his duties, but which presented a heightened risk of injury due to his work restrictions arising from his prior, work-related injury. *Id.* at 224. We vacated a finding of discrimination, noting that the employee had the burden of demonstrating that his refusal to accept an assignment which placed him at a heightened risk of injury was a substantial factor motivating his reclassification to a lower salaried position. *Id.* at 229–30. In *Delano*, we also emphasized that we would construe the term "claim" in the anti-discrimination provision broadly to include protection for any claim or right asserted under the workers' compensation law. *Id.* at 225–27.

[¶ 12] In this case, the hearing officer found that Laskey was not terminated as a result of asserting any claim or right un-

---

2. Laskey does not assert any claim based on 39–A M.R.S.A. § 218 (2001). Also, no issue is presented regarding any discrimination claim under the Maine Human Rights Act, 5 M.R.S.A. § 4572 (2002), or the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101–12213 (1995 & Supp.2002). Accordingly, nothing in this opinion addresses whether the facts in this case may or may not give rise to a claim under either the Maine Humans Right Act or the Americans with Disabilities Act.

3. In its entirety, section 353 provides:

§ 353. Discrimination

An employee may not be discriminated against by any employer in any way for testifying or asserting any claim under this Act. Any employee who is so discriminated against may file a petition alleging a violation of this section. The matter must be

referred to a hearing officer for a formal hearing under section 315, but any hearing officer who has previously rendered any decision concerning the claim must be excluded. If the employee prevails at this hearing, the hearing officer may award the employee reinstatement to the employee's previous job, payment of back wages, reestablishment of employee benefits and reasonable attorney's fees.

This section applies only to an employer against whom the employee has testified or asserted a claim under this Act. Discrimination by an employer who is not the same employer against whom the employee has testified or asserted a claim under this Act is governed by Title 5, section 4572, subsection 1, paragraph A.

39–A M.R.S.A. § 353 (2001).

der the Workers' Compensation Act, but that he was terminated pursuant to a policy which terminated all employees subject to work restrictions regardless of whether the work restrictions arose from work-related or non-work-related causes.

[¶ 13] Laskey asserts that because his work restrictions arose out of a prior job-related injury, the action in terminating him because of those work restrictions is discrimination prohibited pursuant to section 353. That interpretation would make any employment action due to a work restriction arising from a work-related injury a prohibited discrimination. Laskey further argues that his view is supported by 5 M.R.S.A. § 4572(1)(A)(1) (2002) which exempts claims asserted pursuant to section 353 from application of the Maine Human Rights Act.[4] However, the Maine Human Rights Act exemption is limited to those discriminatory actions, which are "governed by Title 39–A M.R.S.A. § 353." 5 M.R.S.A. § 4572(1)(A)(1).

[¶ 14] Section 4572(1)(A)(1) does not suggest a determination by the Legislature that section 353 was intended to occupy the field of discrimination claims by injured workers to the exclusion of the Maine Human Rights Act or other laws that may provide protection for individuals with work limitations or disabilities. Instead, it exempts from the Maine Human Rights Act only those claims for discrimination which arise "in any way for testifying or asserting any claim under" the Workers' Compensation Act. *See Field v. City of Gardiner,* No. 97–168–B, 1998 WL 136183 at *2, 1998 U.S. Dist. Lexis 334, at *5 (D.Me. Jan. 14, 1998) ("[S]ection 353 governs claims of discrimination arising out of 'testifying or asserting any claim' under the Workers' Compensation Act. It does not govern, however, when the al-

leged discrimination is based on other forms of discrimination.")

[¶ 15] The hearing officer found and the record supports the determination that Laskey's termination resulted from the employer's general policy decision to cease accommodating and terminate employees whose work restrictions prevented them from performing all the assigned tasks of their jobs, regardless of whether the work restrictions arose from work-related or non-work-related causes. Because that finding is supported by the record, the action taken against Mr. Laskey in this case falls outside of the protections provided by section 353.

The entry is:

Decision affirmed.

---

4. 5 M.R.S.A. § 4572(1)(A)(1) states "This paragraph [employment discrimination prohi- bitions] does not apply to discrimination governed by Title 39–A, section 353."