2004 ME 97

**Michael MAIETTA**

v.

**TOWN OF SCARBOROUGH.**

Supreme Judicial Court of Maine.

Argued: May 13, 2004.
Decided: July 27, 2004.

Daniel F. Gilligan (orally), Troubh, Heisler & Piampiano, P.A., Portland, for employee.

Glenn S. Israel (orally), Kate S. Debevoise, Bernstein, Shur, Sawyer & Nelson, P.A., Mark V. Franco, Thompson & Bowie, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, ALEXANDER, and LEVY, JJ.

ALEXANDER, J.

[¶ 1] The Town of Scarborough appeals from a decision of a hearing officer of the Workers' Compensation Board (*McCurry, HO*) granting Michael Maietta's petition to remedy discrimination pursuant to 39–A M.R.S.A. § 353 (2001). The Town contends that the hearing officer exceeded the bounds of his discretion in excluding relevant evidence, finding discrimination and fashioning a remedy. Maietta has filed a motion to dismiss the petition for appellate review, asserting that it was untimely because the proceeding was an arbitration, pursuant to 39–A M.R.S.A. § 314 (2001), rather than a hearing officer proceeding pursuant to 39–A M.R.S.A § 318 (2001). Because we conclude that the petition for appellate review was timely and the hearing officer erred in excluding relevant evidence and failing to make findings necessary to support the discrimination conclusion, we vacate and remand for a new hearing.

## I. CASE HISTORY

[¶ 2] Michael Maietta was employed as a full-time police officer by the Town of Scarborough beginning in 1996. Previously, he had served as a reserve officer. Throughout this time, he also worked in his family's construction business where he earned approximately $750 a week.

[¶ 3] In 2000 and 2001, Maietta took several leaves of absence from his Town position due to depression or stress related conditions. Before February 1, 2002, Maietta had exhausted all of his sick leave and other leave time. On February 1, 2002, Maietta called in saying he would be out indefinitely on a doctor's order. The Town attempted to schedule a meeting to discuss Maietta's absence. Instead, Maietta left for Florida on a family vacation, without his leave being authorized.

[¶ 4] After Maietta returned from Florida, he had a lengthy meeting with his supervisor after which his employment was terminated for excessive absenteeism.

[¶ 5] Maietta filed a claim pursuant to the police department's collective bargaining agreement asserting unjustified termination and a claim before the Workers' Compensation Board asserting wrongful discrimination pursuant to 39–A M.R.S.A. § 353.[1]

[¶ 6] The improper termination claim under the Town's collective bargaining agreement proceeded to arbitration before the State of Maine Board of Arbitration and Conciliation. After a hearing, an arbitration panel found that Maietta had not been wrongfully terminated.

[¶ 7] The evidentiary hearing on the discrimination claim under the Workers' Compensation Act began in November 2002 and continued on several dates into April 2003. During the hearing, the Town offered into evidence the labor arbitration findings that there had been no wrongful termination. The hearing officer allowed the labor arbitration decision to be included in the record as an offer of proof. However, the hearing officer sustained Maietta's objection to including the arbitration agreement as part of the record upon which a decision would be based and explicitly stated that he would refuse to consider it, stating: "[i]ts better to just keep the whole thing out."

[¶ 8] During the course of the hearing, on December 31, 2002, the hearing officer's term of office ended. As a result, there was uncertainty as to the authority of the hearing officer to decide the case. Recognizing this uncertainty, the parties entered into a "Contingent Arbitration Agreement" in April 2003. That agreement, apparently on a form developed by the Workers' Compensation Board,[2] indicated that the parties recognized the uncertain status of the hearing officer and agreed that neither would challenge the hearing officer's authority and that the hearing officer could proceed to decide the case in accordance with the Workers' Compensation Act.

[¶ 9] The agreement provided that the hearing officer would be considered a duly appointed hearing officer if such was decided by the Workers' Compensation Board, this Court, or an arbitrator. The agreement provided that if the hearing officer, whose term had expired, was determined to be unauthorized to act, the hearing officer would be viewed as having lawfully presided over the hearing as an arbitrator pursuant to 39–A M.R.S.A.

---

1. Section 353 provides:

An employee may not be discriminated against by any employer in any way for testifying or asserting any claim under this Act. Any employee who is so discriminated against may file a petition alleging a violation of this section. The matter must be referred to a hearing officer for a formal hearing under section 315, but any hearing officer who has previously rendered any decision concerning the claim must be excluded. If the employee prevails at this hearing, the hearing officer may award the employee reinstatement to the employee's previous job, payment of back wages, reestablishment of employee benefits and reasonable attorney's fees.

This section applies only to an employer against whom the employee has testified or asserted a claim under this Act. Discrimination by an employer who is not the same employer against whom the employee has testified or asserted a claim under this Act is governed by Title 5, section 4572, subsection 1, paragraph A.
39–A M.R.S.A. § 353 (2001).

2. Two hearing officers were in "term expired" status at the time. See D'Amato v. S.D. Warren Co., 2003 ME 116, ¶ 18, 832 A.2d 794, 801 (addressing the authority of Hearing Officer Johnson who also was not reappointed by the Board).

§ 314. The agreement further provided that if it was determined that the hearing officer was not authorized to act and his action was therefore approved as an arbitration decision pursuant to 39–A M.R.S.A. § 314, the parties recognized that the appeal time period may be limited to twenty days from notice, without the authority found under 39–A M.R.S.A. § 318 to request findings of fact and conclusions of law to toll the time for filing an appeal.

[¶ 10] In June 2003, before any final determination of the hearing officers' status had been reached, the hearing officer issued a decision that (1) denied Maietta's petition for an award under the Workers' Compensation Act, concluding that his claimed mental stress injury was not compensable under the Workers' Compensation Act, but (2) granted Maietta's petition to remedy discrimination, concluding that Maietta had been discriminated against for asserting a workers' compensation claim. This decision included form language indicating that either party could file a request for findings of fact and conclusions of law within twenty days of the date of decision. Both Maietta and the Town filed motions for further findings of fact and conclusions of law.

[¶ 11] In September 2003,[3] the hearing officer reissued his earlier decision amended to include several sentences addressing the requested findings of fact. Among other things, the hearing officer's findings indicated that "[b]y and large the discipline was taken in good faith by the employer." The hearing officer determined that Maietta was entitled to back wages of $830 a week and fringe benefits from June 14, 2002, until such time as he is reinstated or rehired by the Town. Maietta was also awarded attorney fees. The Town then brought this appeal pursuant to 39–A M.R.S.A. § 322 (2001).

## II. TIMELINESS OF APPEAL

[¶ 12] The arbitration provision of the Workers' Compensation Act, 39–A M.R.S.A. § 314(6), requires that any petition for appeal from a decision pursuant to section 314 be taken to this Court within twenty days of receipt of notice of the decision. Section 314 makes no provision for requesting findings of fact and conclusions of law. Appeals of hearing officer decisions must also be filed within twenty days of receipt of notice pursuant to 39–A M.R.S.A. § 322(1). However, the section of the Workers' Compensation Act governing hearing officer decision making, 39–A M.R.S.A. § 318, specifies that the time for filing an appeal is tolled by the filing of a motion for findings of fact and conclusions of law, with the appeal period then becoming twenty days after the filing of the hearing officer's decision regarding the findings of fact and conclusions of law. *Id.*

[¶ 13] As of the date when the parties had to decide whether to petition for appeal directly to this Court or file motions for findings of fact and conclusions of law, no decision had been reached regarding the status of the hearing officers whose terms had expired on December 31, 2002. Thus, pursuant to the Contingent Arbitration Agreement, the parties reasonably treated the proceedings as hearing officer proceedings pursuant to 39–A M.R.S.A. § 318, rather than arbitration proceedings pursuant to 39–A M.R.S.A. § 314. Accordingly, both parties sought and received findings of fact and conclusions of law. As the proceedings were treated as hearing officer proceedings, and this practice was

---

**3.** The hearing officer's revised decision was issued on September 11, 2003. Our opinion in *D'Amato*, 2003 ME 116, ¶¶ 19–22, 832 A.2d at 802–03, clarifying the "term expired" hearing officer's status was certified on September 19, 2003.

consistent with both the Contingent Arbitration Agreement and the then existing practice before the Workers' Compensation Board, the petition for appeal filed within twenty days after the filing of the hearing officer's findings of fact and conclusions of law was timely.

## III. THE DISCRIMINATION CLAIM

[¶ 14] The key question for determination on the discrimination claim before the hearing officer was whether the motivation for Maietta's termination "was rooted substantially or significantly in the employee's exercise of his rights under the Workers' Compensation Act." *Delano v. City of South Portland*, 405 A.2d 222, 229 (Me.1979). In two recent cases, we have emphasized again that we look to the motivation for an adverse employment action to determine if a discrimination claim under section 353 has been established. *See Jandreau v. Shaw's Supermarkets, Inc.*, 2003 ME 134, ¶¶ 12–13, 837 A.2d 142, 145–46; *Laskey v. Sappi Fine Paper*, 2003 ME 48, ¶¶ 11, 15, 820 A.2d 579, 581–82.

[¶ 15] Addressing the discipline of Maietta for excessive absenteeism, the hearing officer found that "by and large the discipline was taken in good faith by the employer." The decision of the labor arbitration panel, after a fully litigated arbitration proceeding, was obviously relevant to the question of the motivation for the discipline of Maietta. While we need not and do not decide whether or not the labor arbitration decision should control the workers' compensation hearing officer's decision as a matter of collateral estoppel, it is certainly relevant to inform the critical decision that the hearing officer had to make regarding the motivation for the termination decision.

[¶ 16] An administrative hearing officer, including hearing officers of the Workers' Compensation Board, is not subject to the stricter rules of evidence applicable in some court proceedings. Instead, a hearing officer "shall admit evidence if it is the kind of evidence on which reasonable persons are accustomed to relying in the conduct of serious affairs." 39–A M.R.S.A. § 309(2) (2001). Under this broadened standard, relevant evidence may only be excluded in a workers' compensation hearing if it is unduly repetitive, *id.*, or if it has insufficient indicia of reliability, *see Heal v. Maine Employment Sec. Comm'n*, 447 A.2d 1223, 1226 (Me.1982). *See also State v. James*, 2002 ME 86, ¶¶ 13–15, 797 A.2d 732, 736–37 (discussing generally sufficient indicia of reliability in a case not subject to the Maine Rules of Evidence). The evidence of the labor arbitrator's decision was relevant to the central issue before the hearing officer, it was reliable, having been the product of a litigated arbitration proceeding, and it was not repetitious or time consuming. In the circumstances, its exclusion was error, and that error was not harmless, as the excluded evidence related to the critical contested issue in the administrative proceeding.

[¶ 17] The hearing officer compounded the error of excluding evidence related to the central contested issue by failing to make any finding as to whether Maietta's termination was substantially or significantly motivated by his assertion of the workers' compensation claim. When there is no request for findings of fact after a judicial or administrative fact-finding hearing, we may infer that a trial court or administrative agency made all the findings necessary to support its determination if those findings are supported by evidence in the record. *Gallant v. Boise Cascade Paper Group*, 427 A.2d 976, 977 (Me.1981). *See also Lyons v. Baptist School of Christian Training*, 2002 ME 137, ¶ 13, 804 A.2d 364, 369; *Associated Builders, Inc. v. Oczkowski*, 2002 ME 115,

¶ 11, 801 A.2d 1008, 1011.[4] However, when there is a request for findings, as there was in this case, we do not assume that the administrative agency made all the necessary findings to support its judgment. *See Carroll v. Celsius Contractors,* 637 A.2d 111, 112 (Me.1994). Instead, we review the original findings and any additional findings made in response to a motion for findings to determine if they are sufficient, as a matter of law, to support the result and if they are supported by evidence in the record. *See id.*

[¶ 18] Here, the hearing officer failed to make any finding as to whether Maietta's termination was motivated by the assertion of his workers' compensation claim. There is a finding that when Maietta was terminated as a result of discipline "taken in good faith by the employer," Maietta's supervisor knew that Maietta was out of work because of what Maietta claimed was a work injury. This is not a finding that the termination was motivated by the assertion of a workers' compensation claim. While the exact words "motivated by assertion of the workers' compensation claim" need not appear in the decision, a decision finding discrimination pursuant to 39–A M.R.S.A. § 353, after a request for findings of fact is made, must include some finding, in whatever words the hearing officer chooses to adopt, that indicates that assertion of the workers' compensation claim was the primary basis or cause for the discipline or termination of an employee. No finding in the hearing officer's decision comes close to meeting that standard. In effect, the hearing officer found that when Maietta was out of work, his supervisor knew that the claimed basis for his being out of work was a work injury

and that, knowing this, Maietta was terminated. However, there is nothing in the hearing officer's decision finding that the motivating factor for the discipline was Maietta's assertion of his workers' compensation claim, rather than policies prohibiting excessive absenteeism or absences without leave.

[¶ 19] Accordingly, the hearing officer erred in excluding relevant evidence and in failing to make findings necessary to support the discrimination decision after the Town had filed its motion for findings of fact.

The entry is:

Decision of the hearing officer vacated. Remanded for a new hearing.

---

4. In certain cases, where findings on central issues are required by statute, the administrative agency must articulate specific findings and cannot rely on an inference of findings from evidence in the record. *Carroll v. Town of Rockport,* 2003 ME 135, ¶¶ 26–30, 837 A.2d 148, 155–56.