2007 ME 54

**John SPEAR**

v.

**TOWN OF WELLS et al.**

Supreme Judicial Court of Maine.

Argued: Nov. 28, 2006.
Decided: April 24, 2007.

Jeffrey Neil Young (orally), McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, for employee.

Thomas R. Kelly (orally), Richard D. Bayer, Robinson Kriger & McCallum, Portland, for employer.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.*

LEVY, J.

[¶ 1] John Spear appeals from a decision of a Workers' Compensation Board hearing officer (*Stovall, HO*) awarding him partial benefits for a 1997 work injury to his right shoulder, but denying him benefits for incapacity resulting from injuries to his low back. He contends that the hearing officer erred when treating his

---

* Justice Howard H. Dana Jr. sat at oral argument and participated in the initial conference but retired before this opinion was certified.

back condition as a subsequent nonwork injury pursuant to 39–A M.R.S. § 201(5) (2006), instead of as a preexisting condition pursuant to 39–A M.R.S. § 201(4) (2006). Spear also argues that when determining his earning capacity, the hearing officer failed to take into consideration that he suffers from depression as a result of the 1997 work injury. Because we find that the hearing officer's findings pertaining to Spear's back condition are internally inconsistent, and the findings pertaining to the effect of Spear's depression on his earning capacity are ambiguous, we vacate the decision and remand for clarification.

## I. FACTUAL BACKGROUND

[¶ 2] Spear worked for the Town of Wells as a police officer from 1991 to 2004. He filed petitions for award alleging that he suffered work-related injuries to his back in 1992, 1995, 1999, 2001, and 2004, and to his right shoulder in 1997, 1999, and 2001.[1]

[¶ 3] Spear underwent back surgery in 2003, after which he was out of work for over a year. He returned to work in 2004 for a short period, but could not continue because of his restrictions. Spear did not assert a claim for a discrete injury in 2003, nor did he seek medical payments for the surgery.

[¶ 4] The hearing officer determined that Spear suffers ongoing partial incapacity with respect to the 1997 shoulder injury, including right rotator cuff tendonitis, partial frozen shoulder syndrome, myofacial pain syndrome, and depression. He concluded that the other alleged shoulder injuries had either resolved or did not constitute separate injuries.

[¶ 5] The hearing officer also determined that Spear's claim related to the 1992 back injury was barred by the statute of limitations, and the asserted 1995, 1999, 2001, and 2004 back injuries had either resolved or did not constitute separate injuries.[2] He concluded that Spear is entitled to the protection of the Workers' Compensation Act for those injuries, but is not entitled to any ongoing incapacity benefits for them. The hearing officer expressly determined that Spear's ongoing back problems are not attributable to injuries that occurred during his employment with the Town of Wells. The hearing officer concluded that 80% of Spear's current incapacity is due to the back condition, and reduced Spear's partial benefit by that percentage, pursuant to section 201(5), which provides that subsequent nonwork injuries not causally related to a previous work injury are not compensable under the Act.

[¶ 6] Spear did not offer any evidence of a work search. Based on labor market evidence submitted by the employer, the hearing officer found that Spear is capable of earning $11 per hour at forty hours per week. With a partial compensation rate of $93.65, reduced by the 80% attributable to the back condition, the hearing officer determined that Spear should receive benefits in the amount of $18.73 per week.

[¶ 7] Both Spear and the Town of Wells made requests for additional findings of fact and conclusions of law. The hearing officer denied Spear's request, but granted the Town's, and issued an amended decree

---

1. Spear also filed petitions for reinstatement related to these injuries. The hearing officer denied those petitions and Spear does not contest that ruling on appeal.

2. Prior to going to work for the Town of Wells, Spear had worked as a police officer for the Town of York and the Town of Eliot. Spear originally injured his back while working for the Town of York in 1981, and he suffered another back injury while working for the Town of Eliot in 1989.

in which he concluded that the statute of limitations barred the claims related to the 1995 and 2001 dates of injury, in addition to the 1992 date of injury. Spear filed a petition for appellate review, which we granted pursuant to 39–A M.R.S. § 322 (2006).

## II. DISCUSSION

[¶ 8] We address, in order, Spear's contentions pertaining to (A) his back condition, and (B) the effect of his depression on his earning capacity.

### A. Back Condition

■ [¶ 9] Spear contends that the hearing officer's findings do not support the conclusion that his back condition is a subsequent nonwork injury. He argues that the findings compel the conclusion that his back problem is a preexisting condition, and that the hearing officer should have analyzed the compensability of the back and shoulder injuries as such pursuant to section 201(4) of the Act, not as a subsequent nonwork injury pursuant to section 201(5).[3]

■ [¶ 10] Because Spear made a request for additional findings of fact and conclusions of law and submitted proposed additional findings, we do not assume that the hearing officer made all the necessary findings to support his conclusions. *See Maietta v. Town of Scarborough*, 2004 ME 97, ¶ 17, 854 A.2d 223, 228. "Instead, we review the original findings and any additional findings made in response to a motion for findings to determine if they are sufficient, as a matter of law, to support the result and if they are supported by evidence in the record." *Id.*

[¶ 11] The original decree contains findings that appear to support the conclusion that the back condition is attributable to a nonwork injury, including that:

> The Employee has a severe back condition; however, Dr. Bridgman does not attribute the Employee's ongoing back condition to a work-related injury. Dr. Nugent, the Employee's doctor in March of 2005 did not attribute the Employee's back condition to work either.

It is unclear from this and the other findings, however, whether the nonwork-related back condition preexisted the 1997 shoulder injury, in which case it is potentially compensable pursuant to section 201(4). In addition, the hearing officer made other findings that would support the conclusion that Spear had a preexisting back condition that contributes to his current level of incapacity, including:

> The Employee has a pre-existing condition; as he sustained back injuries before he started working for this Employer. In 1981 he had a back injury while working as a police officer for the Town of York and sustained other back injuries while working for the Town of Eliot.

> It is clear that because of the totality of the Employee's physical conditions that he is not able to work as a patrol officer.... The Employee confirmed, during cross examination, that his incapaci-

---

3. Title 39–A M.R.S. § 201 (2006), governs "[e]ntitlement to compensation and services generally." It provides, in relevant part:

    **4. Preexisting condition.** If a work-related injury aggravates, accelerates or combines with a preexisting physical condition, any resulting disability is compensable only if contributed to by the employment in a significant manner.

5. **Subsequent nonwork injuries.** If an employee suffers a nonwork-related injury or disease that is not causally connected to a previous compensable injury, the subsequent nonwork-related injury or disease is not compensable under this Act.

39–A M.R.S. § 201(4), (5).

ty from working as a patrol officer is due to his back problems.

[¶ 12] In support of its argument that the findings support the hearing officer's ultimate conclusion, the Town points to evidence in the record that Spear experienced a nonwork-related flare-up of his back condition in late 2002 that resulted in surgery in 2003. The hearing officer, however, did not make findings regarding any event outside of work that occurred in 2002 or 2003 that exacerbated the back condition. Instead, the hearing officer found: "Because of his *continued* back pain the Employee had an MRI in 2003. It documented that the Employee had a herniated disc at L5–S1. He had back surgery in April of 2003." (Emphasis added.)

[¶ 13] Looking only at the factual findings made, without searching the evidentiary record, *see Maietta,* 2004 ME 97, ¶ 17, 854 A.2d at 228, we are unable to determine whether the hearing officer erroneously treated the preexisting back condition as a subsequent nonwork injury, or whether he determined that the preexisting condition was noncompensable and that an additional nonwork injury to the back occurred after the 1997 shoulder injury. Accordingly, we cannot determine whether it was error to apply section 201(5) instead of section 201(4) in this case. Because the hearing officer's findings are inconsistent, we vacate the decision and remand for clarification. *See Derrig v. Fels Co.,* 1999 ME 162, ¶¶ 1, 8, 747 A.2d 580, 581, 582 (remanding for clarification of

inconsistent findings regarding a gradual injury). In addition, if it is determined that Spear suffers any continued incapacity from the preexisting back condition, the hearing officer should determine whether the 1997 shoulder injury aggravated, accelerated, or combined with it, and whether any resulting disability is compensable pursuant to section 201(4).

## B. Depression

[¶ 14] The hearing officer also found that Spear suffers from depression as a result of the 1997 shoulder injury. Spear contends that the hearing officer erred by failing to take this into consideration when determining his earning capacity.[4] Specifically, Spear contends that it was error to credit the labor market survey submitted by the Town because it did not account for the impact of Spear's mental condition on his ability to obtain suitable work.

[¶ 15] The Town points out that the hearing officer adopted the independent medical examiner's report, which did not place any work restrictions on Spear related to depression. In addition, while the Town's labor market witness noted that Spear suffers from depression, she included jobs in the survey that were within the restrictions established by the independent medical examiner.

[¶ 16] In light of Spear's request for additional findings and the specific proposed findings submitted on this issue, we are confined to examine only those find-

---

4. The hearing officer made the following relevant findings:

> The Employee has a work capacity but has not done a good-faith work search as required under the law in order to receive total lost wage benefits. *See Bureau v. Staffing Network, Inc.,* 678 A.2d 583, 585 (Me.1996).

> Ms. Robinson provided a Labor Market Survey for the Employer. I find her Labor Market Survey persuasive evidence on the Employee's earning capacity. I find that the Employee is able to earn $11.00 an hour at 40 hours per week. As a result, the Employee has imputed earnings of $440.00 with an imputed compensation rate of $304.05.

ings specifically made by the hearing officer and do not search the record for evidence supporting the ultimate conclusion. *See Maietta*, 2004 ME 97, ¶ 17, 854 A.2d at 228. Because it is not apparent from the findings that the hearing officer considered Spear's depression when determining his post-injury earning capacity, we remand for clarification. On remand, the hearing officer should indicate to what extent, if at all, the mental component of Spear's injury affects his ability to obtain or perform the jobs identified in the labor market survey.

The entry is:

The decision of the Workers' Compensation Board hearing officer is vacated, and the case remanded for proceedings consistent with this opinion.