2012 ME 5

**Myron DOWNING**

v.

**DEPARTMENT OF
TRANSPORTATION.**

Supreme Judicial Court of Maine.

Argued: Oct. 11, 2011.
Decided: Jan. 24, 2012.

Maurice Libner, Esq. (orally), Law Office of Maurice Libner, Brunswick, for appellant Myron Downing.

Debra A. Reece, Esq. (orally), Rudman Winchell, Bangor, for appellee Department of Transportation.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Myron Downing appeals from a decision of a Workers' Compensation Board hearing officer (*Elwin, HO*), granting him the protection of the Workers' Compensation Act for a July 30, 2004, gradual injury, but awarding no additional incapacity benefits. Among other things, Downing contends the hearing officer erred when determining that Downing did not rebut the retiree presumption in 39–A M.R.S. § 223 (2011) with evidence that he was unable to perform suitable work for a discrete period of time after retirement. Because we conclude that the hearing officer's decision provides an inadequate basis for appellate review, we vacate the decision in part and remand for further proceedings.

## I. BACKGROUND

[¶ 2] Myron Downing, age fifty-eight, worked for the Department of Transportation for thirty-one years, from 1974 until 2005, primarily as a laborer. He suffered a gradual injury in July 2004, which caused chronic back, leg, and hip pain. He was diagnosed with pre-existing spinal stenosis, aggravated by his work at the Department. In July 2004, he applied for retire-

ment benefits because he thought he could no longer perform his work duties due to the pain. However, he rescinded the application one month later. In the fall of 2004, Downing worked light duty and often part-time. The Department paid Downing workers' compensation benefits voluntarily and without prejudice at varying rates when he worked reduced hours. He gradually increased his hours and by February 2005, he was working full-time, after which the Department ceased paying benefits. At that point, Downing had been released to work with no specific restrictions, and, although he avoided some of the most strenuous job assignments, he was able to perform at least some of the essential functions of his job.

[¶ 3] Shortly after resuming full-time work, Downing decided to resubmit his retirement application. He retired from the Department as of March 31, 2005, and began receiving nondisability retirement benefits from the Maine Public Employees Retirement System. Following retirement, Downing did not look for work; instead, he lived with his elderly mother and cared for her. He did not perform any strenuous activity, and received no medical treatment for his work-related condition until February 2007, when he experienced increased hip pain.

[¶ 4] Downing went back to work part-time in November 2008 to supplement his retirement income. He worked twenty hours per week for the National Able Network as a janitor at the Waterville YMCA. The work, however, caused his symptoms to flare, and he felt he could no longer perform his job duties as of June 2009. He underwent spinal fusion surgery in December 2009.

[¶ 5] Downing filed a petition for award. The hearing officer granted him the protection of the Act for the 2004 injury, but concluded pursuant to 39–A M.R.S. § 223 [1] that Downing was not entitled to additional benefits.

[¶ 6] Downing had argued at the hearing that even if he were subject to the retiree presumption, he was still eligible for workers' compensation benefits during the time period leading up to his back surgery and the subsequent recovery period, because he rebutted the presumption for that period of time. He filed a motion for additional findings of fact and conclusions of law in which he requested specific findings on this issue. The hearing officer denied the motion, after which Downing filed a petition for appellate review. We granted the petition pursuant to 39–A M.R.S. § 322(3) (2011) and M.R.App. P. 23(c).

## II. DISCUSSION

[¶ 7] The issue for decision is whether, when the retiree presumption in 39–A M.R.S. § 223 applies, an employee may nevertheless be entitled to workers' compensation benefits for a discrete period after retirement upon proof that the employee was unable to perform suitable work for that period. We determine that section 223 does allow a retired employee to rebut the presumption for a defined period of time. However, because the hearing officer failed to issue findings of fact on this issue as requested by the employee, we vacate the decision in part and remand for further proceedings.

[¶ 8] "The retiree presumption is designed to assist fact-finders in determining when an employee who has reached or neared the conclusion of his or her working career will remain eligible to receive

---

1. Title 39–A M.R.S. § 223 (2011) establishes a presumption that employees who have terminated active employment and are receiving nondisability retirement benefits have no earnings incapacity.

workers' compensation benefits." *Costales v. S.D. Warren Co.*, 2003 ME 115, ¶ 7, 832 A.2d 790. Pursuant to that presumption, an employee who "terminates active employment" and is receiving nondisability retirement benefits is presumed to have no loss of earnings or earning incapacity as a result of a compensable injury. 39–A M.R.S. § 223; *see also Damon v. S.D. Warren Co.*, 2010 ME 24, ¶ 11, 990 A.2d 1028. Section 223(1) provides:

> **Presumption.** An employee who terminates active employment and is receiving nondisability pension or retirement benefits under either a private or governmental pension or retirement program, including old-age benefits under the United States Social Security Act, 42 United States Code, Sections 301 to 1397f, that was paid by or on behalf of an employer from whom weekly benefits under this Act are sought is presumed not to have a loss of earnings or earning capacity as the result of compensable injury or disease under this Act. The presumption may be rebutted only by a preponderance of evidence that the employee is unable, because of a work-related disability, to perform work suitable to the employee's qualifications, including training or experience. This standard of disability supersedes other applicable standards used to determine disability under this Act.

[¶ 9] Pursuant to this provision, the Legislature does not allow the recovery of both workers' compensation and retirement benefits: "[b]ecause workers' compensation benefits are designed to replace wages that would have been earned but for a work-related injury, they are no longer payable if the employee would not otherwise have been earning wages." *Saucier v. Nichols Portland*, 2007 ME 132, ¶ 12, 932 A.2d 1178 (quoting *Costales*, 2003 ME 115, ¶ 7, 832 A.2d 790). The presumption is designed "to reduce compensation costs to employers generally" and "to limit the ability of employees to collect wage-loss benefits as a supplement to retirement." *Bowie v. Delta Airlines, Inc.*, 661 A.2d 1128, 1131 (Me.1995).

[¶ 10] An employee may rebut the retiree presumption by demonstrating "by a preponderance of evidence that the employee is unable, because of a work-related disability, to perform work suitable to the employee's qualifications, including training or experience." 39–A M.R.S. § 223(1). When applying the retiree presumption, "the focus is on the employee's *ability to perform work.*" *Costales*, 2003 ME 115, ¶ 8, 832 A.2d 790. The employee must show "a total physical inability to perform any work that would otherwise be suitable to the employee's qualifications, training and experience, regardless of the availability of that work." *Id.* ¶ 13. "This standard of disability supersedes other applicable standards used to determine disability under this Act." 39–A M.R.S. § 223(1). The presumption applies even if an employee has returned to work after terminating active employment; it is the original retirement that triggers application of the presumption. *Pendexter v. Tilcon of Maine, Inc.*, 1999 ME 34, ¶¶ 9–10, 724 A.2d 618.

[¶ 11] The hearing officer in this case determined that the retiree presumption applies because Downing was actively employed at the time of his retirement and he receives nondisability retirement benefits. She further determined that because Downing had work capacity at the time of his retirement and at the time of the hearing, he did not rebut the retiree presumption.

[¶ 12] On appeal, Downing does not contest that the retiree presumption applies to him. Instead, he contends that the hearing officer erred (1) when concluding that he did not rebut the presumption and (2) by failing to issue findings of fact

that support that conclusion. He asserts that he rebutted the presumption with evidence that he became unable, because of his work-related injury, to perform any suitable work during the period from June 2009, when he could no longer perform his janitorial duties, until he recovered from back surgery, approximately one month prior to the hearing. He argues that he is entitled to incapacity benefits for that discrete period of time.

[¶ 13] We have affirmed an award of benefits to an employee who rebutted the retiree presumption for a period of time after retirement with evidence that he was unable to perform any suitable work during that period. *Pendexter*, 1999 ME 34, ¶ 13, 724 A.2d 618. Pendexter suffered a work injury to his back in Maine in 1985. *Id.* ¶ 2. He retired in 1990 at age fifty-five, and received a nondisability pension. *Id.* He moved to Florida and did not seek employment for approximately two years. *Id.* He went back to work full-time in 1992, reinjured his back in 1993, and could not work for four months. *Id.* He returned to work for his Florida employer for over a year, then returned to Maine, where he worked part-time until a nonwork-related condition rendered him disabled. *Id.* ¶ 3.

[¶ 14] Pendexter filed a petition for restoration of workers' compensation benefits in Maine. *Id.* ¶ 4. The hearing officer concluded that the retiree presumption precluded him from receiving benefits, except for during the four-month period when Pendexter was totally incapacitated as a result of the Florida injury. *Id.* ¶ 5.

[¶ 15] Pendexter appealed, arguing that the retiree presumption ceases to apply if an employee returns to full-time employment after a period of retirement. *Id.* ¶ 7. We held that the presumption continues to apply, and the employee's original retirement triggers the application of the presumption because the Legislature did not intend "to require fact-finding concerning an employee's subjective, and possibly evolving, intentions to retire and to stay retired." *Id.* ¶ 9.

[¶ 16] A second issue in *Pendexter*, most relevant here, was whether the employee had rebutted the retiree presumption for any period of time after the presumption had been triggered. *Id.* ¶¶ 11–13. We discussed the criteria for rebutting the presumption and concluded that "[i]n order to rebut the retiree presumption, Pendexter needed to show an inability to perform any remunerative work." *Id.* ¶ 13. We affirmed the hearing officer's conclusion that Pendexter had rebutted the presumption for the four-month period after the Florida injury. *Id.*

[¶ 17] Pursuant to *Pendexter* and section 223, we conclude that nothing in the statute or our decisions precludes a retired employee from having benefits reinstated for a discrete time period when the employee proves that during that time period, he was incapable of performing any suitable work due to the work injury.[2]

---

2. We recognize that 39–A M.R.S. § 223 expresses no outside limits on when benefits can be revived pursuant to the rebuttal provision, but we do not necessarily hold that such limitations do not or should not exist. For example, the employee who becomes unable to perform any suitable work as a result of a work injury at a time well after that employee has concluded his or her working career may not be eligible to receive workers' compensation benefits. *Cf. Saucier v. Nichols Portland*, 2007 ME 132, ¶ 17, 932 A.2d 1178 (holding retired employee suffers no loss of industrial use of the hands pursuant to 39–A M.R.S. § 212(2)(G) (2011) when that employee had no intention of resuming available, suitable work regardless of the effect of her work injury). However, allowing Downing to attempt to rebut the provision fits within parameters established by reason. Any limitations on the application of the rebuttal provision may be an appropriate area of consideration for the Legislature or Workers' Compensation Board.

[¶ 18] The hearing officer in this case correctly determined that the retiree presumption applies to Downing as of the date of his retirement. The hearing officer, however, did not consider Downing's contention that he rebutted the presumption for the closed-end period consistent with Downing's alleged period of total incapacity and inability to perform suitable work—before his surgery and during his recuperation. Her findings state only that Downing's ability to find work as a custodian after he retired and the improvement in his physical condition after surgery demonstrate that he is able to perform work.

[¶ 19] Because Downing made a request for additional findings of fact and conclusions of law pursuant to 39–A M.R.S. § 318 (2011), and submitted proposed additional findings, we do not assume that the hearing officer made all the necessary findings to support the conclusion that Downing did not rebut the retiree presumption for any period of time. *See Spear v. Town of Wells*, 2007 ME 54, ¶ 10, 922 A.2d 474. "Instead, we review the original findings and any additional findings made in response to a motion for findings to determine if they are sufficient, as a matter of law, to support the result and if they are supported by evidence in

the record." *Id.* (quotation marks omitted).

[¶ 20] The findings in this case are not adequate for appellate review because they do not specifically address the issue identified by Downing in his motion for additional findings of fact and conclusions of law, and for which he provided proposed findings. In this circumstance, the hearing officer had an affirmative duty under section 318 to make additional findings to create an adequate basis for appellate review. *See Coty v. Town of Millinocket*, 444 A.2d 355, 357 (Me.1982). Accordingly, we remand for additional findings of fact and conclusions of law on the issue of whether Downing rebutted the presumption for the specific time period he asserts.[3] *See Maietta v. Town of Scarborough*, 2004 ME 97, ¶¶ 18–19, 854 A.2d 223 (holding the hearing officer erred in failing to make findings necessary to support the decision after the Town had filed its motion for findings of fact, and remanding for additional findings).

The entry is:

The decision of the Workers' Compensation Board hearing officer is vacated in

---

3. Downing also contends that the Department improperly discontinued his workers' compensation benefits without providing twenty-one days notice pursuant to 39–A M.R.S. § 205(9)(B)(1) (2011), or filing a Discontinuance or Modification of Compensation Form (WCB–4) pursuant to Me. W.C.B. Rule, ch. 8, § 11 (2009) (subsequently amended at Me. W.C.B. Rule, ch. 8, § 11(3) (effective Dec. 27, 2010)). However, the hearing officer determined that 39–A M.R.S. § 205(9)(A) (2011) applies because Downing had resumed full-time work before he retired. Section 205(9)(A) does not require that notice be given or any form be filed before an employer may cease making payments, and neither the statute nor the Rule provides a basis for awarding retroactive benefits under the circumstances. The hearing officer did not err

in the application of section 205(9)(A) or Rule, ch. 8, § 11, to the facts of this case. *See Baker v. S.D. Warren Co.*, 2010 ME 87, ¶ 10, 3 A.3d 380 (giving deference to Board decisions interpreting Board Rules).

Downing further argues that the hearing officer's finding that he resumed full-time work before he retired is clearly erroneous. The hearing officer, however, made express, supported findings that (1) Downing resumed full-time work at full pay in February of 2005; (2) the Department discontinued benefits on March 17, 2005; and (3) Downing retired on March 31, 2005. Given these factual findings, section 205(9)(A) applies, and there was no error. *See* 39–A M.R.S. § 318 (2011) ("The hearing officer's decision, in the absence of fraud, on all questions of fact is final.").

part and remanded with instructions that the hearing officer address the employee's motion for additional findings of fact and conclusions of law as it relates to the issue whether the employee rebutted the presumption in 39–A M.R.S. § 223 for the period of time leading up to and following the employee's back surgery in December 2009. In all other respects, the decision is affirmed.